ROBERTSON *v.* MENA BONDED WAREHOUSE COMPANY.

Opinion delivered July 12, 1920.

1. WEIGHTS AND. MEASURES — REPEAL OF ACT CREATING COTTON WEIGHER.—Acts 1915, No. 236, creating the office of cotton weigher in Polk and six other counties, was impliedly repealed by Acts 1917, No. 266, creating the bonded warehouse system, and also was expressly repealed by special acts 1919, No. 519.

2. STATUTES—REPEAL OF SPECIAL ACT.—Constitution, art. 5, § 25, providing that "in all cases where a general law can be made applicable no special law shall be enacted," does not prohibit a special law repealing a special law.

Appeal from Polk Circuit Court; *James S. Steel,* Judge; affirmed.

*Pole McPhetridge,* for appellant.

The judgment of the court acquitting Lyons is not *res judicata* and can not be plead in bar or as a defense. Bouvier's Dict., Rawles' Revision, pp. 898-9, and cases cited. A judgment is only conclusive between parties and their privies. 96 Ark. 451; 82 *Id.* 191-414; 86 *Id.* 105. Neither Mena Bonded Warehouse Company nor appellant were parties to the criminal action. If the certificate of the test of the scales used by appellant in weighing the cotton was not in proper form, this would not work a forfeiture of his right to collect his official fees as weigher. He is required to enter into bond for the faithful discharge of his duties, and the remedy is provided by suit on his official bond. Act 236, Acts 1915, § 2, p. 873. The act No. 519, Acts 1919, does not repeal nor attempt to repeal act 236, Acts 1915. Repeals by implication are not favored. 101 Ark. 238; 92 *Id.* 600; Lewis, Sutherland, Stat. Const. (2 ed.), § 267. This act does not come within the prohibition of § 25, art. 5, Const. 1874.

WOOD, J. This action was brought by the appellant against the appellees. The appellant alleged that he was the cotton weigher of Polk County, Arkansas; that the Mena Bonded Warehouse Company, hereafter called company, is a corporation organized under act 266 of the Acts of 1917; that C. B. Lyons is the manager of such company; that the company through Lyons wrongfully, wilfully, and unlawfully engaged in receiving and weighing cotton and other commodities and farm products offered for sale at the city of Mena, Arkansas, during the years 1918 and 1919, and thereby prevented appellant from weighing same as required by law; that appellant had the proper scales, weights, and measures properly tested and certified as the law requires, and was in all respects prepared to weigh all cotton and other commodities that were sold during the time mentioned at the city

of Mena; that the appellees received and weighed during the year 1918, 3,200 bales of cotton, and that they are engaged in weighing cotton for the present season which will approximate 3,500 bales or more; that appellant is entitled under the law to ten cents per bale of cotton sold at Mena and required to be weighed by him as such public cotton weigher; that the appellees, by receiving and weighing the 3,200 bales of cotton, had deprived appellant of $320; that if appellees were not restrained they would receive $350 more for weighing cotton for the present season.

Appellant prayed for judgment for his damages and for an order restraining the appellees from further interfering with his rights as cotton weigher for the city of Mena, Arkansas.

The appellees answered, denying specifically all the material allegations of the complaint. The facts as agreed upon are as follows:

"It was agreed that Albert Robertson, the plaintiff herein, is the duly elected, qualified and acting county cotton weigher for Polk County, and that he has his scales located at Mena, Arkansas, and that since August 1, 1919, has been legally authorized and empowered to weigh cotton and other commodities. That since the passage of act No. 519, approved March 28, 1919, the cotton buyers in the city of Mena, have, without exception, refused to purchase cotton upon the weights of said Robertson and have required the same to be weighed by the defendants or have taken gin weights, and that practically all the cotton brought to Mena for market in the season of 1919 had been weighed by defendants.

"That the number of bales brought to Mena to the present time is approximately 600 bales, and that it is probable that there will be 3,000 to 3,500 bales marketed in Mena during the entire cotton season of 1919-20.

"That by reason of the foregoing the said Robertson has been entirely deprived of practically all the fees or emoluments of his said office and the office rendered worthless to him at Mena.

"That the said Robertson has been at all times, since August 1, 1919, ready, able, and prepared to fulfill and perform the duties of said office at Mena, Arkansas.

"That, upon a trial in the circuit court of Polk County, upon a charge of criminal violation of the act creating the office of cotton weigher for Polk County by weighing cotton at Mena, Arkansas, during the year 1918, the court directed a verdict in favor of defendant, C. B. Lyons, on the ground that the cotton weigher, the prosecuting witness in that case and the plaintiff in this case, did not have such certificate of the test of his scales as authorized and empowered him, under the requirements of the act creating his office, to weigh cotton in Polk County so as to exclude the defendant and others from weighing cotton in said city of Mena."

Section 1 of act 236 of the Acts of 1915, page 874, creates the office of county cotton weigher for seven counties, including Polk County. The act provides, among other things, that the cotton weigher should be elected, and, before entering upon the duties of his office, he should execute a bond and then provide himself with the scales as specified and required by the act. It then provides that he shall weigh all cotton at his place of business, and "when the buyer or seller shall demand the weight of any cotton seed, grain, cattle, hogs, sheep, cotton on the seed, coal, or any other articles of produce sold in the city, town or village where he keeps the scales and presented to him to be weighed he shall weigh the same and shall receive therefor as compensation for his services the amounts hereafter provided by this act, etc."

The act provides that he shall receive as compensation for his services 10 cents for each bale of cotton and 5 cents for each wagon load of cotton seed or other produce that he may be called upon to weigh.

Act 266 of the Acts of 1917, page 401, provides for the establishment and regulation of bonded warehouses and the establishment of a marketing bureau, etc. Section 17 of that act provides that corporations chartered under the act shall have the "right to erect, purchase,

or lease and to operate warehouses, buildings, etc. * * * as may be necessary for the storage, grading, weighing, and classification of cotton, wool, wheat, corn, rice, alfalfa, fruit, silage, and other farm, orchard, and ranch products, and all weights, grades, and classifications shall be made in accordance with the standards of weights, grades and classifications prescribed by law and- by the board of supervisors."

Section 23 provides for a warehouse receipt and prescribes various written or printed terms that shall be contained therein, and among them "that the corporation guarantees under its bond the weight * * * of the products for which the receipt may be given, etc."

Act 519 of the special acts of 1919, page 672, provides: "Section 1. Any cotton weigher employed as the official cotton weigher for any bonded warehouse located in the county of Polk, and authorized to do business under the provisions of act 266 of the Acts of 1917, shall have the full right and authority to weigh for the general public cotton, wool, wheat, corn, rice, alfalfa, fruit, silage, and other farm, orchard, and ranch products sold, stored, or offered for sale, provided, such services as public weigher do not interfere with his official duties as weigher for the said bonded warehouse."

"Section 2. All laws and parts of laws in conflict herewith are hereby repealed."

Act 236 of the Acts of 1915 under which the appellant was elected as cotton weigher for the city of Mena. Polk County, Arkansas, whether it be a general or special act, is repealed by the provisions of act 266 of the Acts of 1917 providing for the establishment of bonded warehouses, marketing bureaus, etc. For the latter act contemplates that when bonded warehouses are organized as corporations under that act they shall have the power to weigh farm, orchard, and ranch products, among them cotton.

The provisions of act 266 in respect to weighing cotton are plainly repugnant to the provisions of act 236, and that act is, therefore, by necessary implication re-

pealed by the later act, even if there were no special act repealing same.   But the provisions of act 236 of the Acts of 1915, under which the office of cotton weigher for the city of Mena was created and appellant was elected, is expressly repealed by special act 519 of the Acts of 1919 set out above.

Act 236, under which the appellant was elected, is a special rather than a general law, in that it names specifically seven counties, among them Polk.   Therefore, there is no general law that can be made applicable thereto, and special act 519 does not fall within the provisions of article 5, section 24, of the Constitution.

The appellees are not liable under the agreed statement of the facts of this record, and the judgment of the court to that effect is correct.

Affirmed.