BRITT v. LACONIA CIRCLE SPECIAL DRAINAGE DISTRICT.

Opinion delivered June 23, 1924.

1. DRAINS—NOTICE OF APPLICATION TO CHANGE FROM SPECIAL TO GENERAL DISTRICT.—Notice of an application to change a drainage district created by special act into a district operating under Crawford & Moses' Digest, §§ 3607-3654, was sufficient where the notice complied with the requirements of § 3652.

2. DRAINS—POWER OF DISTRICT TO BORROW MONEY.—When the special drainage district created by special act No. 668 of Special Acts of 1923, was changed to a district operating under the general law (Crawford & Moses' Dig., § 3607-3654), it was no longer bound by the limitation upon its power to borrow money contained in the special act.

3. DRAINS—REPEAL OF FORMER ACT COVERING SAME TERRITORY.— Special act No. 668 of 1923, creating a special drainage district, repealed act No. 359 of 1907, creating a drainage district covering the same territory.

4. STATUTES—REPEAL BY INCONSISTENT STATUTE.—A statute repeals a former statute with which it is in irreconcilable conflict.

5. DRAINS—DESCRIPTION OF BOUNDARIES.—When the chancellor found that an order of the county court creating a drainage district in a certain township and county "within the limits of what is

historically and generally known as 'Laconia Circle Levee,' " sufficiently described the boundaries of the district, and a plat, introduced in evidence and considered by the chancellor, is not brought into the record, it will be presumed that the chancellor's finding was supported by the evidence.

6.  DRAINS—DESCRIPTION OF BOUNDARIES.—An order of the county court creating a district which describes its boundaries as embracing all lands within what is "generally and historically known as Laconia Circle" in a certain county and township, sufficiently delimits the boundaries of the district.

7.  DRAINS—AUTHORITY TO CONSTRUCT LEVEE.—A drainage district operating under Crawford & Moses' Dig., §§ 3607-3644, is authorized to construct a levee.

Appeal from Desha Chancery Court; *E. G. Hammock,* Chancellor; affirmed.

*Williamson & Williamson,* for appellant.

1.  The notice was not sufficient. It was so indefinite and uncertain that one reading it could not ascertain that it proposed to change a drainage district created by a special act to one operating under the general drainage laws and the laws amendatory thereof, without reference to other sources of information.  126 Ark. 518.

2.  The district is bound by the provisions of special act No. 668, Acts 1923, with reference to the amount of money it can borrow.  There is nothing in the general act to indicate that it was the intention of the Legislature that commissioners of a drainage district created by special act, when changed to one operating under the general law, might borrow money and issue bonds for a sum in excess of the amount fixed in the special act.  See § 11 of act 668.

3.  There was a drainage district, covering the same territory, created by act No. 359, Acts 1907, at the time of the passage of act No. 668, *supra,* and the same was not repealed by the later act, since it carries no words of revocation, expressing a repeal, and there is no such manifest repugnance between the two as that both cannot stand.  The attempted change of the district created by act No. 668 is therefore void.  23 Ark. 304; 92 Ark. 600; 101 Ark. 238.

*DeWitt Poe,* for appellees.

1. The notice, unlike that in *Drainage District* v. *Terry,* 126 Ark. 518, relied on by appellant, was so full and complete that a stranger by reading it could understand just what was intended. The names of the commissioners were stated, the name and number of the special act, and it not only referred to the Acts of 1909 and amendments, but gave also the sections in C. & M. Digest; and it informed the landowners that they might appear and contest, or support the petition, as they deemed proper. It was sufficient.

2. The district is not bound by the limitation in § 11, act 668, Acts 1923, as to borrowing money. C. & M. Digest, § 3652, and the sections therein referred to, *i. e.,* 3607-3654.

3. The act 359 of 1907 was expressly repealed by the act 668 of 1923, by § 26 thereof, which provided that all laws and parts of laws in conflict therewith were repealed. See 72 Ark. 8; 76 Ark. 32; 112 Ark. 437; 114 Ark. 23; 138 Ark. 471; 145 Ark. 106; 145 Ark. 544.

4. The boundaries of the district are definitely established. Section 1, act 668, Acts 1923; § 1, act 39, Acts 1915; 132 Ark. 613.

WOOD, J. This action was instituted by the appellant against the appellees to restrain the commissioners of Laconia Circle Special Drainage District from proceeding with the improvement contemplated by the creation of said district. The complaint alleges that the Laconia Circle Drainage District was created by act 359 of the Acts of the General Assembly of 1907, and that the Laconia Circle Special Drainage District was created by special act No. 668 of the Acts of the General Assembly of 1923; that no action was ever taken under act No. 359; that the commissioners of the district created by act 668 have caused that district to be changed to one operating under the general drainage laws. Sections 3607 to 3654, Crawford & Moses' Digest.

The appellant alleged that he was a resident landowner in the district, and that the order changing the

district to one operating under the general drainage laws was void because no notice was given of such change, as required by law; that the act of 1923 (act 668) authorized the commissioners to borrow money and issue bonds not exceeding $40,000, but that the improvement contemplated under the change will cost $150,000, and that the commissioners are about to borrow that sum, in violation of act No. 668. The appellant alleged that act 359 of the Acts of 1907 had not been repealed by special act 668 of 1923; that act No. 668 was void because it undertakes to create a drainage district, without properly describing or identifying the boundaries thereof; that the commissioners, under special act No. 668, planned to construct a levee as part of the improvement, whereas the special act only authorizes the construction of drainage canals and pump plant.

The appellees, in their answer, admitted the creation of the districts and that the change was made as set forth in the complaint, and that they are about to proceed to issue bonds and make the improvement as alleged in the complaint, under the change made by order of the Desha County Court. They denied all the allegations as to the illegality of the change in the district, and alleged that act 359 was repealed by act 668. They admit that identical territory is embraced in each law, but alleged that act 359 creating the first district was repealed by the latter act No. 668, and alleged that the later act sufficiently identified the lands embraced within the district, and that the manner prescribed by the act for ascertaining the bounds of the district was legal. Appellees set up that the purpose of the district was to drain territory known as Laconia Circle, Mississippi Township, Desha County, Arkansas, so as to protect the land therein from flood waters of the Mississippi and White rivers and to effect the removal of the surface waters within said circle; that, to properly drain this said territory will require a pumping station at the south side of the district, and the enlarging of 6¾ miles of private levee and the construction of a new levee

2,400 feet in length around a crevasse in the old private levee, and the digging of canals to carry the surface water to the pump plant.

The appellees exhibited with their answer the order of the county court ordering the change, which recites that it was done under the authority of §§ 3607 to 3654 of Crawford & Moses' Digest. The order recites that the district embraces all lands within what is "generally and historically known as Laconia Circle, Mississippi Township, Desha County, Arkansas," and describes the lands; that, since the filing of the petition for the change, the court had given notice of the application by two weeks publication in the Desha County Journal, a newspaper published and having a *bona fide* circulation in Desha County; that there was no objection made thereto by any person, and the court, deeming it most advantageous to make the change, "doth order the same, and direct that it shall have all the rights and powers and be subjected to all the obligations provided by the terms of the acts under which the change was made." Attached to the answer was also an exhibit of the order of the county court directing notice to be given to the landowners in the district of the date of the hearing of the application for the change, and also an exhibit of the plat of the district.

The county clerk of Desha County testified that the publication of the notice ordered by the court to be given the landowners in Laconia Circle of the filing of the petition for the change was published on February 14 and 21, and attached a copy of the publication to his deposition. Witness had always known of the tract of land called "Laconia Circle." It contained about 12,000 acres in Mississippi Township, which was completely incircled by levees. The small levee on the back side was privately built and maintained, and that is the section the commissioners wanted to enlarge to standard size under act 668. The notice referred to specifies that the commissioners, naming them, of Laconia Circle Special Drainage District, created by special act No. 668. have

petitioned the Desha County Court to change the special drainage district embracing all land lying within what is generally and historically known as Laconia Circle Levee, in Mississippi Township, Desha County, from its present status as a special district to a district operating under the general drainage law of 1909 and amendments thereto, known as the alternative system of drainage districts, as set out in §§ 3607 to 3654, inclusive, of Crawford & Moses' Digest.'' The notice further specifies that owners of real property within the district are notified of the hearing of the petition to be held at Arkansas City on March 3, 1924, and that they have the right to appear and contest the petition or to support the same; that the notice was given pursuant to an order of the Desha County Court, dated February 4, 1924.

The court found that the complaint was without merit as to each of the questions complained of therein, and entered a decree dismissing the same for want of equity, from which is this appeal.

1. The appellant's counsel first contend that the notice is not sufficient to meet the requirements of § 3652 of C. & M. Digest. To support their contention, they rely upon the case of *Drainage Dist. No. 7 v. Terry,* 126 Ark. 518. In that case the notice specified that three owners of real property in the district petitioned the county court to constitute them a drainage district under the terms of the drainage laws passed by the Legislature in the year 1911, and that the petition would be heard on the first Monday in November, 1915. We held that the notice was not sufficient because it did not state that the petitioners requested the court to change the operation and control of the drainage district organized under the act of 1911 to the alternative system provided in the act of 1909. In that case we said: ''It is only by intendment that one reading the notice might conclude that three property owners within a drainage district which had been established under one act were petitioning the county court to transfer the operation and control of that district from the provisions of the act under which it was

created to the provisions of another act. The notice should clearly and specifically declare this purpose, and, having failed to do so, we conclude that the court below was correct in holding the proceedings had thereunder to be void."

In the case at bar notice was given under the provisions of § 3652, C. & M. Digest, which were similar to the provisions of § 3654, under which the notice in the above case was given. Section 3652 provides, in part, that "any drainage district which has been heretofore organized, or which may hereafter be organized under any special act of the Legislature, may become a drainage district under §§ 3607-3654 by proceeding in the following manner: If said district is wholly in one county, the directors or commissioners of said district may petition the county court for an order changing said district from a special district to a district operating under the sections aforesaid, and thereupon the county court shall give notice of the application, by two weeks' publication in some newspaper published and having a *bona fide* circulation in the county, and of a time when the petition will be heard. All owners of real property within the district shall have the right to appear and contest the said petition, or to support the same."

Now, the notice given in the case at bar states the names of the commissioners of the district created under special act 668 of the Acts of 1923, and recites that they have petitioned for a change of the special drainage district into a district operating under the general drainage law and the amendments thereto, known as the alternative system, setting forth the sections of the Digest, and notifies them that they may appear and contest or support the petition, as they deem proper. The petition conforms minutely to the requirements of § 3652, *supra,* under which notice must be given when a change is petitioned for from special district to a district created under the Acts of 1909 and amendments thereto.

2. The appellant next contends that the district, after the change is made, is bound by the limitations of

the special act 668 under which it was originally created,
which act prohibits the borrowing of money and the issu-
ing of bonds for more than $40,000. Section 3652, *supra,*
authorizing the change to be made, provides "that, if a
majority in value or acreage of the lands in the special
district petition for the change, the county court must
make an order declaring said district shall henceforth
be governed by the sections aforesaid," to-wit, §§ 3607-
3654. Under the allegations of the pleadings, no work
had been done under the special act prior to the time
of the filing of the petition for a change to the alterna-
tive system under the general law, and after the order
of the county court making the change. After that order
the provisions of the general law applicable to the alter-
native system of drainage districts govern the subsequent
proceedings by which the improvement is made. Other-
wise interminable confusion would result in the proceed-
ings under the drainage law. Therefore the trial court
was correct in holding that the commissioners are not
limited in the borrowing of money and the issuing of
bonds to the amount fixed in act 668, but may proceed
in that respect under the authority of the general drain-
age law and subsequent amendments thereto.

3. It is next urged that, when special act No. 668
was passed, there was already in existence a drainage
district created by special act 359 of the Acts of 1907,
covering precisely the same territory, and that, as there
are no words in the last act expressly repealing the
former, the former is still in force. We cannot agree
with this contention. Act 668 of the Acts of 1923 con-
cludes as follows: "All laws and parts of laws in con-
flict herewith are hereby repealed." Since it is apparent
from the allegations of the pleadings that special act 668
was passed for precisely the same purpose as the earlier
special act No. 359 (1907), to-wit, the drainage of the
lands included in what is generally and historically known
as "Laconia Circle," the last enactment is necessarily
in conflict with the former, and therefore the former is
expressly repealed by the latter, and this would be so.

even if the last act did not expressly repeal the former, for they are in irreconcilable conflict.   See *Eubanks* v. *Futrell,* 112 Ark. 437; *Dickerson* v. *Tri-County Drainage District,* 138 Ark. 421; *Robertson* v. *Mena Bonded Warehouse Co.,* 145 Ark. 106; *Newbold* v. *Stuttgart,* 145 Ark. 544, and other cases cited in appellee's brief.

4.   It is next insisted that special act No. 668 is void because the boundaries of the district are not sufficiently described, and because there is no reference to political subdivisions in describing the land.   The act creating the district describes the lands embraced therein as "all territory lying and being situated in Mississippi Township, Desha County, Arkansas, within the limits of what is historically and generally known as Laconia Circle levee," etc.   The testimony of the only witness in the case shows that Laconia Circle is a tract of land aggregating about 12,000 acres in Mississippi Township, Desha County, completely encircled by levees, and in the exhibits to the answer there is a plat of the lands, which counsel for appellant say is not contained in the transcript.   The decree of the court shows that the cause was heard upon the answer and the exhibits thereto, and the court found that the description of the bounds of the district is sufficient, and that there is no illegal delegation of legislative authority.   In view of this finding of the court, in the absence of that plat or any evidence in the record *aliunde* showing that the boundaries were insufficient, the finding of the trial court must be sustained. We must presume that this plat, if brought forward in the transcript and abstract, would have shown that the lands in Laconia Circle Special Drainage District were definitely described.   Moreover, the act, in its first section, described the territory as "within the limits of what is historically and generally known as Laconia Circle levee," etc.   This description of itself would be sufficient to enable the landowners and the county court to readily ascertain and understand what lands were to be embraced in the district.   From this description the commissioners and landowners and the county court could readily ascer-

tain and delimit the boundaries of the district, and it involved no illegal delegation of legislative authority to the commissioners.

5. In the last place it is contended that special act No. 668 gives no authority to construct a levee. But, as we have already shown, after the change the work of improvement is to be prosecuted under the general drainage law of 1909 and amendments thereto. Section 32 of act 279 of 1909 provides: "The word 'ditch' as used in this act shall be held to include branch or lateral ditches, tile drains, levees, sluiceways, floodgates, and any other construction work found necessary for the reclamation of wet and overflowed land." This section was amended by act 177 of 1913 so as to make the word "ditch" include levees, etc., and "to apply to the organization of districts the main object of which is the construction of levees." See *White River Lbr. Co.* v. *White River Drainage Dist.*, 141 Ark. 196.

The decree of the trial court is in all things correct, and it is therefore affirmed.