LACONIA LEVEE DISTRICT *v.* STEVENS.

Opinion delivered April 26, 1926.

1. LEVEES—CONVERSION OF LEVEE DISTRICT INTO DRAINAGE DISTRICT.—
Whether an improvement district created under special statute for
the sole purpose of constructing a levee may be converted into a
drainage district, under Crawford & Moses' Dig., § 3652, *quaere.*

2. LEVEES—CONVERSION INTO DRAINAGE DISTRICT.—Crawford & Moses'
Dig., § 3652, authorizing the conversion of a drainage district
created under special statute into a drainage district under the
general statute (Crawford & Moses' Dig., §§ 3607-3654) does not
authorize the conversion of a levee district created under special·
statute into a drainage district where the levee district had pro-
ceeded to make contracts and expend money under the special act
which created it.

Appeal from Desha Chancery Court; *E. G. Hammock,*
Chancellor; affirmed.

*DeWitt Poe,* for appellant.

McCULLOCH, C. J. Laconia Levee District is, as
its name indicates, an improvement district organized
for the purpose of constructing a levee, and was created
by special statute. The improvement authorized by the
statute was completed and paid for with money borrowed
on the issuance of bonds in the sum of $400,000, author-
ized by a special statute enacted by the General Assembly
of 1917, Acts 1917, vol. 1, p. 2119. The commissioners
of the district are now seeking to become a drainage
district under order of the county court, pursuant to the
general statute of the State authorizing the creation of
such districts. Crawford & Moses' Digest, § 3652.

The section of the statute cited above reads, in part,
as follows: "Any drainage district which has been here-
tofore organized or which may hereafter be organized
under any special act of the Legislature, may become a
drainage district under §§ 3607-3654 by proceeding in the
following manner. * * * The county court shall hear the
evidence, and shall either grant the petition or deny the
same, as it deems most advantageous to the property
owners of the district; and, if it grant the petition, the
said district shall have all the rights and powers, and be

subject to all the obligations, provided by the terms of the sections aforesaid and of this act; provided, however, that if a majority of the landowners of the district, or the owners of a majority in value or a majority in acreage of such lands, petition for the change, the county court must make an order declaring said district shall henceforth be governed by the terms of the sections aforesaid; and such duty may be enforced by mandamus.''

Another section of the drainage statute reads as follows:

''Section 3638.    The 'ditch' as used in this act shall be held to include branch or lateral ditches, tile drains, levees, sluiceways, floodgates, and any other construction work found necessary for the reclamation of wet and overflowed land.    And this act shall apply to the organization of districts the main object of which is the construction of levees.''    Crawford & Moses' Digest.

Appellee is the owner of property in the district, and instituted this action to restrain the commissioners from proceeding with the conversion of the levee district into a drainage district under the general statute.    The chancery court granted the prayer of appellee's complaint, and restrained the commissioners of the district from further proceedings, and they have prosecuted an appeal to this court.

We deem it unnecessary to discuss the question whether or not an improvement district created under special statute for the sole purpose of constructing a levee may be converted into a drainage district pursuant to the statute cited above, for we have reached the conclusion that on other grounds the decree of the chancery court was correct.    The statute referred to is manifestly intended to cover instances where no construction work had been done or contracts therefor made or money expended under the special statute, and the change cannot be made after that progress has been made in the affairs of the district.    In the recent case of *Britt* v. *Laconia Circle Sp. Drainage Dist.*, 165 Ark. 92, we said: ''Under the allegations of the pleadings, no work had

been done under the special act prior to the time of the filing of the petition for a change to the alternative system under the general law, and after the order of the county court making the change. After that order, the provisions of the general law applicable to the alternative system of drainage districts govern the subsequent proceedings by which the improvement is made. Otherwise interminable confusion would result in the proceedings under the drainage law." It can be readily seen that a necessary conflict would arise if the organization depended upon the provisions of the special statute creating the district and also the provisions of the general statute authorizing drainage. The confusion which might arise is illustrated by the present situation with reference to this district, which has completed its levee and borrowed money and issued bonds, and which is restricted in its exercise of the power of taxation, the limitation being to an annual tax of ten per cent. on the assessed valuation as fixed for State and county purposes. The proposition of organizing a drainage district in an original proceeding under the statute is not involved in this case.

The decree of the chancery court being correct, the same is affirmed.