ALSUP *v.* STATE.

Opinion delivered October 29, 1928.

*Sidney L. Graham* and *Cleveland Cabler,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

SMITH, J.   Appellant was convicted of operating an employment agency without procuring a license authorizing him so to do, in violation of act No. 4, Acts Special Session of 1923, page 3.

It is not contended that the act in question was passed as a revenue measure imposing an occupation tax. *Sims* v. *Ahrens,* 167 Ark. 557, 271 S. W. 720.   It is insisted that, while the act was passed in an attempt to exercise the State's police power, it is in excess of that power and is violative of the 14th Amendment to the Federal Constitution.   The essential provisions of the act are as follows:

Section 1 prohibits the operation or maintenance of a private employment agency for hire without first obtaining a license so to do from the Commissioner of Labor, for which an annual fee of $200 is to be paid. In addition, the Commissioner of Labor shall require of each applicant a bond in the sum of $1,000, conditioned that the licensee will not violate any of the duties, terms, conditions, provisions or requirements of the act, and authority is given to the Labor Commissioner to revoke the license for a violation of the provisions of the act.

Section 2 provides that no labor agency shall be operated until a license has been first obtained, and that the application for the license shall state fully the condition, nature, terms and place of employment for which labor is solicited.

Section 3 requires the agency to keep a register, in which shall be recorded the name and address of all applicants for positions, etc.   The agency is prohibited from publishing any false or misleading information, and may not send any person to any place where a strike or other labor trouble exists without notifying the applicant of that fact.   No agency is permitted to divide

fees with an employer or an agent of an employer. The agency is prohibited from sending any female to any place kept for immoral purposes. The agency fee for filing or receiving applications or securing employment or help shall in no case exceed the sum of $2, and, if the applicant does not obtain employment within one month after registration, the agency shall, on demand, return the fee; provided, if the applicant is sent beyond the limits of the city in which the agency is located, and, without fault on his part, fails to secure employment, the agency shall return the fee and repay the applicant's actual expenses incurred in going to and returning from the place to which he was sent; or, if the employment lasts less than seven days, the agency is required to return the fee, or such portion thereof as the Labor Commissioner orders.

Section 4 authorizes the Commissioner of Labor to maintain, in sections of the State where the convenience of the greater number of people may be served, a "free employment bureau." The Commissioner of Labor is authorized to cooperate with the Federal Government in the establishment and maintenance of employment bureaus. The Commissioner of Labor is required to keep in touch with employers of labor, and may advertise in newspapers for such situations as they have applications to fill.

Section 5 defines a private employment agency and other terms used in the act.

Section 6 requires the Commissioner of Labor to make an itemized report of his disbursements under the act.

Section 7 provides that any person convicted of a violation of any of the provisions of the act shall be fined not less than $50 nor more than $250 for each offense, or be imprisoned for a period not exceeding thirty days.

Section 8 provides that, if any section or sections of the act shall be held invalid by the courts, "it shall

not thereby be understood as affecting, and shall not affect, the other provisions of this act.''

It is unnecessary to determine how much, if any, of § 3 of the act is violative of the Constitution of this State, but it is certain that the part of that section which attempts to fix the fee which the agency may charge for service to the applicant is violative of the 14th Amendment to the Federal Constitution. In the recent case of *Ribnik* v. *McBride,* Commissioner of Labor of New Jersey, 277 U. S. 350, 48 S. Ct. 545, it was so held.

In the case cited the provisions of a similar law of the State of New Jersey, which had been upheld by the Court of Errors and Appeals of that State, were declared to be violative of the 14th Amendment to the Federal Constitution as an arbitrary interference with the right to contract in respect of terms of private employment.

It is conceded by the Attorney General that the provisions of § 3 of the statute of this State relating to the remuneration of an employment agency must fail on account of the decision of the Supreme Court of the United States, *supra,* and we so hold.

But appellant was not charged with violating any provision of § 3 of the act, the charge against him being that he operated an employment agency without a license, and the Supreme Court of the United States, in the case cited, held that the State has power to require a license to regulate the business of an employment agency, and we think that this exercise of the police power does not offend against any provision of our Constitution.

Our statute is a complete one without any of the provisions of § 3, and, as we have stated, § 8 of the act provides that, if any section of the act shall be held invalid, that fact shall not affect other provisions of the act. The validity of such provisions has been frequently recognized by this court. *Nixon* v. *Allen,* 150 Ark. 244, 234 S. W. 45; *Marshall* v. *Holland,* 168 Ark. 449, 270 S. W. 609.

174

As the act which appellant has violated is valid, although § 3 thereof may be invalid, in whole or in part, it follows that the judgment of the court below must be affirmed, and it is so ordered.