STATE v. BROOKS.

Crim. 3810

Opinion delivered July 11, 1932.

*Robert F. Smith* and *Guy Amsler,* for appellant.

*H. K. Toney* and *E. P. Toney,* for appellee.

SMITH, J. The issues presented on this appeal sufficiently appear from the recitals of the judgment from which this appeal comes. This judgment reads as follows:

"On this day these two causes, being consolidated, coming on to be heard, the State being present by Hon. George H. Holmes, prosecuting attorney, and the defendants being present by their attorney, E. P. Toney, and both sides agreeing to submit the cases to the court upon an agreed statement of facts, which was done, and, after argument of counsel, the court finds:

"That Will Craig is a resident of Chicot County, Arkansas, and hunted deer in said county without having paid a State license so to do, but had paid for a Chicot County license.

"That Claud Brooks is a resident of Ashley County, Arkansas, and hunted deer in Chicot County, Arkansas, with dogs, and had not paid State license on dogs but had paid Chicot County license on dogs.

"That both cases arise under the 1923 special act numbered 678, approved March 26, 1923.

"That so much of § 4773 of Crawford & Moses' Digest, and so much of § 4778 of Crawford & Moses' Digest as requires a State license on dogs, as well as a State license to an individual, to hunt in Chicot County, Arkansas, was superseded by said special act numbered 678 of the Acts of the General Assembly, approved March 26, 1923, and said special act repealed that part of said sections of Crawford & Moses' Digest (in so far as it applied to Chicot County).

"It is therefore by the court ordered and adjudged that the said 1923 special act, numbered 678, supersedes that part of §§ 4773 and 4778 so far as a State license for dogs or for men to hunt in Chicot County, and that part of said Crawford & Moses' Digest is repealed."

The controlling question is the one of law, whether special act 678 of the Acts of 1923 (Special Acts 1923, page 1771) supersedes §§ 4773 and 4778, Crawford & Moses' Digest, in so far as they apply to Chicot County. The court below held that they did, and we concur in this view.

Another statement of the question is, whether, having taken out a license required by the special act, the defendants were required also to take out a State license to hunt in Chicot County.

Sections 4773 and 4778, Crawford & Moses' Digest, are parts of act 276 of the General Acts of 1919 (General Acts 1919, page 204) creating the Fish and Game Commission. This is a comprehensive act for the protection of the wild life of the State. Section 4 of this act, which appears as § 4773, Crawford & Moses' Digest, fixes the State license fees for hunting and fishing. Section 9 of this act, which appears as § 4778, Crawford & Moses' Digest, makes it unlawful to hunt any deer, etc., with a dog without first procuring a license for each dog so used, for which license the sum of $1.50 shall be paid.

At the 1923 session of the General Assembly, special act 678 was passed (Special Acts 1923, page 1771), which

was an act entitled, "An act to increase, propagate, preserve and protect the game and fish of Chicot, Desha and Phillips counties, Arkansas, and for other purposes." This act provides a comprehensive system for the protection of game and fish in the three counties named, and leaves no doubt that it was intended to supersede the general game and fish law in those counties. The special act embraces many subjects comprehended in the general fish and game law, and many of its provisions are similar, if not identical. This special act was passed prior to the adoption of the constitutional amendment prohibiting the passage of local or special bills, and was upheld as valid legislation in the case of *Merritt* v. *Gravenmier*, 169 Ark. 779, 277 S. W. 526, where it was said: "The General Assembly of 1923 enacted still another local statute (Acts 1923, p. 1771) covering Chicot, Desha and Phillips counties, and providing a complete game and fish law for these three counties, with six game commissioners, two from each county, to enforce its provisions. This statute contains a complete scheme for the protection of game and fish and the regulation of taking the same, similar to the general statutes of the State creating the Fish and Game Commission. This statute provides for license fees similar to the general law for taking game and fish, prescribes open seasons and closed seasons, a daily bag limit and catch, and requires all persons fishing or hunting to pay a license except persons under sixteen years of age."

Section 5 of special act 678 provides, in separate paragraphs, the fees to be paid in each of the three counties there included. The portion of this section relating to Chicot County reads as follows:

"For Chicot County.

"1. Every person fishing with artificial bait shall pay the sum of one ($1) dollar and ten cents ($0.10).

"2. Every person a resident of Arkansas and over the age of sixteen years who desires a license to kill any kind of game in accord with the provisions of this act,

shall pay an annual license of five ($5) dollars and twenty-five cents ($0.25). Provided, that should such person desire to secure license without the privilege of hunting or killing bear, deer and turkeys, such license shall be the sum of two dollars and twenty-five cents ($2.25). Every person keeping a dog for the purpose of hunting deer or quail shall, before using such dog, secure a license for such dog and pay therefor the sum of one dollar and ten cents ($1.10), as other licenses herein provided for are paid.''

We think the effect of this special act is to prescribe the license fees to be paid in the counties of Chicot, Desha and Phillips, and that these license fees are not in addition to the fees charged and collected by the State Fish and Game Commission under the general statute, but are to their exclusion. In other words, to hunt and fish in Chicot County one is required to pay only the fees for hunting and fishing in that county, and is not required to pay the State license fee in addition. The defendants paid the fees required in Chicot County, and are not required to pay any other.

At the 1927 session of the General Assembly an act was passed numbered 160 (Acts 1927, page 556), entitled, ''An act to protect and propagate game birds and animals and other wild life, to regulate the taking thereof, and for other purposes.''

This act of 1927 contains various regulations in regard to hunting and fishing which we need not consider, as that act expressly provides that it shall not repeal special act 678 of the General Assembly of 1923 except in so far as it affects the open and closed seasons and bag limits for game and the provisions of the special act in regard to fishing with artificial bait.

As the provisions of the special act have not been repealed in so far as they relate to the charge against the defendants in this case, who have complied with this special act, the judgment of the court below must be affirmed, and it is so ordered.

MEHAFFY, J., dissents.