CONWAY COUNTY BRIDGE DISTRICT *v*. WILLIAMS.

4-3557

Opinion delivered November 12, 1934.

930

*Owens & Ehrman, E. L. McHaney, Jr.,* and *E. A. Williams,* for Conway County District, appellants, and *Hays & Smallwood, Schott & Goodier, Reece Caudle* and *J. B. Ward,* for Yell and Pope District, appellants.

*F. D. Majors, J. G. Rye, Audrey Strait* and *W. P. Strait,* for appellees.

JOHNSON, C. J. Appellees, the county judge and certain citizens and taxpayers of Conway County, instituted this proceeding in the Pulaski Chancery Court against Roy V. Leonard, State Treasurer, and the county treasurer of Conway County, to prohibit the respective treasurers paying over to Conway County Bridge District certain funds accumulated in the State Treasurer's hands under authority of act 11 passed at the special extraordinary session of the General Assembly of 1934. The complaint alleged the source of the accumulated fund and that the disposition thereof as provided for in § 23 of

said act, in so far as it undertook to donate same to the Conway County Bridge District, was in violation of the 14th Amendment to the Constitution of 1874, which prohibits local legislation. Subsequently an intervention of certain interested parties was filed by Pope and Yell county citizens against Yell & Pope County Bridge District which sought similar relief. Thereafter, the Conway County Bridge District and Yell & Pope Bridge Districts intervened in said cause and asserted their respective interests in said fund, and in addition thereto denied the invalidity and unconstitutionality of § 23 of said act.

The case was submitted for trial and decree upon an agreed statement of facts and certain oral testimony then and there produced and heard, but we deem it unnecessary to here set out in detail the facts adduced. The chancellor determined that that portion of act 11 of 1934 contained in § 23 thereof, which undertook to allot a certain part of the county highway improvement funds to bridge districts was in violation of Amendment No. 14, and therefore unconstitutional and void, and thereupon permanently restrained and enjoined the disbursements of said fund or any part thereof to the two bridge districts, and this appeal comes therefrom.

Section 23 of act 11 of 1934, a part of which was declared unconstitutional and void by the trial court, reads as follows:

"Section 23. Paragraph (e) of § 1 of act No. 63 of the General Assembly, approved February 25, 1931, is amended to read as follows:

"(e) All net tax derived from motor vehicle fuel under the provisions of paragraph (c) of this act shall be divided: Ninety-two point three per cent. (92.3%) shall be deemed State highway revenue, and seven point seven per cent. (7.7%) shall be deemed county highway improvement revenue, and shall be credited by the Treasurer of State to the 'county highway fund.' Said county highway fund shall be segregated, set apart and placed in trust for the sole, separate and exclusive use of the several counties of this State to be apportioned under the existing laws, and the State expressly covenants that it

will not permit the percentage herein allotted to the county highway fund to be reduced. Providing that the refund going to any county in the State having a bridge district where the bridge is across a navigable stream, as defined by the Department of Commerce of the United States Government and is located not less than seven miles from the county seat of said county, and constitutes a continuation of a State highway, the funds going to the county under the terms of this act shall be allotted to the bridge commission to be applied to the retirement of the bridge district bonds, and the county treasurer shall pay such funds to the proper trustee for such application. Provided further that this amendment does not apply to toll bridges. Provided that one-half of the refund going to any other county in this State other than the counties herein classified or in which the refund is controlled by any existing legislation shall be allotted to the bridge commission of any bridge district where the bridge constructed by the district is across a navigable stream as defined by the Department of Commerce of the United States Government and constitutes a link in a State highway, and where said bridge is situated not less than one mile from the county seat.''

It appears from the section of the act just quoted that the Legislature divided the net tax derived from motor vehicle fuel into two funds, namely: State highway revenue and county highway improvement revenue. It also appears that the county highway improvement revenue as therein created is dedicated to the several counties of the State to be apportioned under existing laws, provided, however, the fund going to any county having a bridge district, where the bridge is across a navigable stream * * * and is located not less than seven miles from the county seat of said county and constitutes a continuation of a State highway, the funds going to the county under the terms of this act shall be allotted to the bridge commissioners to be applied to the retirement of the bridge bonds, and the county treasurer shall pay such funds to the proper trustee for such application. Provided further that this amendment does not apply to toll bridges, and provided further that one-half of the refund

going to any other county in this State other than the counties herein classified or in which the refund is controlled by any existing legislation shall be allotted to the bridge commission of any bridge district where the bridge constructed by the district is across a navigable stream as defined by the Department of Commerce of the United States Government and constitutes a link in a State highway, and where said bridge is situated not less than one mile from the county seat.

From the language quoted, it definitely and certainly appears that the benefits granted by the State to bridge districts is restricted as follows: First, only to districts where the bridge spans a navigable stream; secondly, the bridge must not be within one mile of a county seat; third, such bridge must not be a toll bridge.

The restriction that the bridge of a benefited district must span a navigable stream localizes the benefits to such districts as border navigable streams, and we judicially know that many bridge districts in this State do not border such streams and will not do so within any reasonable future time. The restriction that the bridge in the district to be benefited must not be a toll bridge further restricts the applicability of said section by excluding from its benevolent purposes all bridge districts in the State which collect tolls. The further elimination of all districts where the bridge is situated within one mile of the county seat further restricts the applicability of the benefits of said section.

Appellants' first contention is that the two bridge districts here under consideration, and which are benefited by § 23, are a part and parcel of the State highway system and therefore legislation in reference to such districts affects the people of the State as a whole and therefore such legislation is general in effect, though local in its immediate application. To support this contention, *Waterman* v. *Hawkins,* 75 Ark. 120, 86 S. W. 844, is urged upon us as authority therefor. This case determined only that statutes establishing or abolishing separate courts relate to the administration of justice and are therefore neither local nor special in their operation.

Moreover, the contention here urged was tacitly decided adversely to appellants' contention in *Board of Commissioners of Red River Bridge District* v. *Wood*, 183 Ark. 1082, 40 S. W. (2d) 435, wherein we decided that an act of the General Assembly which was confined in its operation and effect to this bridge district was local and therefore void under the 14th Amendment. The similarity of the conditions dealt with in the Red River Bridge District case and those under consideration here may be summarized as follows: § 23 of act 11 of 1934 seeks to relieve taxpayers of the respective bridge districts from the legal obligation of paying a certain percentage of their assessments of benefits, whereas in the Red River Bridge District case it was sought to refund to taxpayers of the district certain benefits theretofore paid. Thus it definitely appears that the two acts have the identical purpose and effect, that of relieving taxpayers in a restricted area and excluding all other taxpayers not so fortunately situated, though within the general class.

Next, it is urged that the Legislature has the inherent power to make reasonable classifications and to pass laws applicable only to such designated class, conditioned only that such law must apply to all within the designated classification. We have so decided in many cases and among which are the following: *McLaughlin* v. *Ford*, 168 Ark. 1108, 273 S. W. 707; *LeMaire* v. *Henderson*, 174 Ark. 936, 298 S. W. 327; *Knowlton* v. *Walton*, *ante* p. 901, and cases therein cited. The rule thus announced is grounded upon the proposition that such classification does not permanently exclude other persons and things within the general class, but on the contrary is prospective in view that such persons or things temporarily excluded may in the future come within its operation.

Here the questions arise, first, does the provision here under consideration make a reasonable classification? and, secondly, does it apply to all within the general classification, or will it do so at any reasonable future time? Admittedly, no bridge district in this State may be benefited by § 23 unless the bridge spans a navigable stream, thereby arbitrarily excluding all bridge districts in the State save those adjacent to or bordering

upon such streams; and this is true, even though such bridge may be more than one miles from the county seat, and may not be a toll bridge. Also a bridge may not be a toll bridge and may be situated across a navigable stream, yet it is excluded if situated within one mile of the county seat. Moreover, the bridge may be more than one mile from the county seat and situated across a navigable stream, yet it is excluded from benefits under § 23 if it happens to be a toll bridge.

This suffices to show the unreasonable and arbitrary classification made by the Legislature and the subtle methods adopted to make local legislation appear in the guise of general enactment.

We have uniformly held that the subject of legislation, in order to be general law, must operate uniformly upon every person or thing of a designated class throughout the territorial limits of this State. *Little Rock & Fort Smith Ry. Co.* v. *Hanniford,* 49 Ark. 291, 5 S. W. 294, and *Little Rock* v. *North Little Rock,* 72 Ark. 195, 79 S. W. 785; *Webb* v. *Adams,* 180 Ark. 713, 23 S. W. 617; *Board of Commissioners of Red River Bridge District* v. *Wood, supra.*

Our holding in *Leonard* v. *Luxora, etc.,* 187 Ark. 599, 61 S. W. (2d) 70, is decisive of the question of classification here under consideration as follows:

"There is nothing in the terms of the act to distinguish Mississippi County from other counties in the State that have either a greater or less population, and have one or more judicial districts. There is no reason in the nature of things why an act of this kind should apply to Mississippi County and not to other counties in the State. It is therefore an arbitrary and unnatural classification, and there is no natural connection between counties having more than one judicial district and 65,000 population, and the division of the county highway funds. The act therefore cannot be upheld on the ground of classification."

In *Webb* v. *Adams, supra,* we had under consideration an act which from its title and terms appeared to be general in its operations and effect throughout the State,

but a certain provision thereof exempted certain school districts situated in the State, and we there held that the exemption rendered the act local in its application and effect, and therefore, under Amendment No. 14, unconstitutional and void.

For the reasons stated, we conclude that the legislative classification here under consideration was unreasonable and arbitrary and its effect was to exclude bridge districts located in this State which fall within the general classification of such districts and is therefore unwarranted.

Finally, it is insisted that the conclusion here reached nullifies and destroys the whole of § 23 of act 11 of 1934. Not so. Section 54 of act 11 of 1934 provides, if for any reason any section or provision of this act shall be held to be unconstitutional, it shall not affect the remainder of this act, etc. It therefore appears that the Legislature had in mind that some of the provisions or sections of said act might be declared unconstitutional and void by the courts and in advance evinced its purpose to pass said act regardless of the conclusions reached by the courts. We think therefore that the Legislature would have passed act 11 of 1934 as readily without the provision herein held to be unconstitutional and void as it did with it included. *Alsup* v. *State,* 178 Ark. 170, 10 S. W. (2d) 9.

Moreover, we have many times decided that where the unconstitutional portion of an act is severable, and there is a complete act without it, the fact that one section or one portion of it violates the Constitution does not necessarily invalidate the entire act. *Cone* v. *Garner,* 175 Ark. 860, 3 S. W. (2d) 1; *Stanley* v. *Gates,* 179 Ark. 886, 19 S. W. (2d) 1000.

For the reasons stated, the decree of the Pulaski Chancery Court is in all things affirmed.

SMITH and McHANEY, JJ., dissent.