PLEDGER *v.* COOK & SON.

4-3963

Opinion delivered June 3, 1935.

*Henry W. Smith,* for appellants.

*Reinberger & Reinberger* and *E. D. Dupree, Jr.,* for appellees.

SMITH, J. The question involved in this appeal is whether act 334 of the acts of the General Assembly of 1931, page 1115, is violative of the provisions of Amendment No. 14 to the State Constitution, which amendment prohibits the General Assembly from enacting local legislation. Section 1 of this act reads as follows:

"Section 1. Any funds coming into the hands of the county treasurer under the provisions of act 63 of the Acts of 1931, of counties whose population is now or may hereafter be more than sixty thousand and less than sixty-five thousand, as shown by the most recent Federal census, and where there is a bridge spanning a river connection of a State highway, which bridge has been built by an improvement district, on which a tax for the payment of the bonds of such district has been levied against the real property of said county, and where there are outstanding bonds and interest the payment of which is secured by the real property in said county, shall be disposed of as follows:

"The county treasurer shall, immediately upon receipt of funds, provided for by said act 63, transfer and place same to the credit of said bridge district in a fund to be designated 'Bridge District Fund,' all of which shall be used for the payment of the bonds and interest of said bridge district, and it shall be the duty of the county treasurer to draw his warrant upon said fund, and any other funds in his hands belonging to said bridge

district to retire the bonds and interest of said district as the same shall become due.

"All moneys coming into the hands of the county treasurer from the assessments levied by such bridge improvement district and collected in the year 1931, or for the sale of any lands belonging to any such district or for the redemption of any lands sold for taxes due any such district in the 'Bridge District Fund,' shall be placed, and shall not be expended except for the redemption of bonds and interest of said bridge district."

It is stipulated by the parties to this litigation that the population of Jefferson County by the census of 1930 was 64,154, and was the only county in the State whose population was between 60,000 and 65,000 by that census. It is also stipulated that the other conditions recited in § 1 of act 334 obtained relative to a bridge district in Jefferson County, and under the provisions of the act the county treasurer of that county has been transferring, and, unless enjoined, will continue to transfer the county turnback money payable to that county to be used in the manner provided in the act in the payment of the outstanding bonds of the bridge district and the interest thereon. Certain property owners seek by this suit to enjoin this transfer, for which it is conceded there is no other authority except the act 334 of the 1931 General Assembly.

There is no essential distinction in the controlling facts between the issue here presented, and that decided in the case of *Conway County Bridge District* v. *Williams,* 189 Ark. 929, 75 S. W. (2d) 814. That case cites and reviews the previous decisions of this court announcing the rule whereby it may be determined whether legislation is local, and it would serve no useful purpose to again renew those cases.

The act there reviewed was held to be void as violative of the 14th Amendment to the Constitution, and act 334 of the 1931 General Assembly must be held void for the same reason.

The court below so adjudged and granted the relief prayed against the treasurer of Jefferson County, and, as the decree is correct, it will be affirmed. It is so ordered.