KELLEHER *v.* BURLINGAME, COUNTY JUDGE.

4-4941

Opinion delivered December 13, 1937.

*Clayton Freeman,* for appellant.
*Pat Mehaffy,* for appellee.
*John G. Rye, amicus curiae.*

·GRIFFIN SMITH, C. J.   By act 153, approved February 26, 1937, the General Assembly directed that, as to collections made in consequence of the three mill road tax "in any county in the state," the county court shall, except in cities and towns where a greater amount is allowed by law, apportion, for use in making and repairing the streets and bridges in the respective cities and towns, one-half of the fund collected from assessments made on property within the corporate limits.·

Section 3 of the act provides that it "Shall not repeal, alter, change or affect any special act heretofore passed, under which any city or town is now receiving any greater or less amount of the three mill county road tax."

Appellant Kelleher, by action in the chancery court, sought to enjoin the appellee Burlingame as county judge from authorizing, and the appellee Bush as county treasurer from paying, any warrants on the three mill road tax of Pulaski county.   They alleged that the act "Is void by reason of being local and special, as § 3 thereof provides that the act shall not alter or change any special act heretofore passed, upon which any city or town is now receiving a greater or less amount of the three mill county road tax."

The prosecuting attorney, on behalf of such county officials, demurred to the complaint.   The demurrer was sustained, and the plaintiff appealed.

The only question raised ·by the appeal is whether act 153 is in contravention of Amendment No. 14. ··

Appellant relies upon decisions of this court wherein it was said: "We have uniformly held that the sub-

ject of legislation, in order to be general, must operate uniformly upon every person or thing of a designated class throughout the territorial limits of this state." *Conway County Bridge District* v. *Williams,* 189 Ark. 929, 75 S. W. 2d 814; *Board of Commissioners of Red River Bridge District* v. *Wood,* 183 Ark. 1082, 40 S. W. 2d 435; *State ex rel. Trimble* v. *Kantas,* 190 Ark. 1092, 82 S. W. 2d 847; *Smith* v. *Cole,* 187 Ark. 471, 61 S. W. 2d 55; *Webb* v. *Adams,* 180 Ark. 713, 23 S. W. 2d 617; and *Casey* v. *Douglas,* 173 Ark. 641, 296 S. W. 705.

In the Kantas case the issue was whether local and special acts prohibiting the sale of liquor were impliedly repealed by certain general acts legalizing the sale of intoxicants. It was held that the special acts were impliedly repealed. The opinion contains this statement of the law: "If the Legislature intended to authorize and make legal the traffic in that portion of the state wherein no local or special act or measure had been in force, then it must have intended local and special legislation. To give that construction to the acts would necessarily declare them illegal as being in violation of Amendment 14, adopted in 1926, which provides that 'The General Assembly shall not pass any local or special acts. This amendment shall not prohibit the repeal of special or local acts.'"

Even a casual reading of the Kantas case will show that the decision is not based upon the amendment referred to.

There is an express finding of a lack of legislative intent. The expression, "If it intended to authorize and make legal the traffic in that portion or part of the state where no local or special act or measure had been in force, then it must have intended local and special legislation," is followed by the statement that the Legislature had no such intent. Therefore, the most that can be said for this decision as supporting appellant's theory is that if the Legislature, by express enactment or by necessary implication, had repealed the special acts, and there had been a further failure to extend the provisions of the succeeding acts to all parts of the state,

then the concurrence of these two conditions would have shown an intent upon the part of the Legislature to restrict the new enactments, with the result that they would have been subject to the constitutional criticism expressed in the opinion.

The rule laid down in 25 R. C. L., p. 818, is that "A statute, general in form, is not to be held as special because some unrepealed local statute intervenes and prevents it from having a general effect." At page 738, vol. 39, Corpus Juris, appears this statement of the law: "A statute is not to be deemed a local statute because of the intervention of a local statute which prevents it from taking general effect." Cooley's Constitutional Limitations, 8th Ed., vol. 1, p. 261, interprets the general rule to be that "A statute is not special because it is not universal in operation by reason of earlier special laws not affected by the constitutional provision." See, also, *State, ex rel., Attorney General* v. *Lee,* 193 Ark. 270, 99 S. W. 2d 835.

Act 156 of the Acts of 1927 authorized county boards of education to consolidate school districts, but also provided that "This act shall not repeal or affect act 247 of the Acts of the General Assembly of 1915." Act 247 provided for the operation of a special school district. It was contended that the 1927 enactment was local or special legislation within the meaning of Amendment No. 14. In answer to that argument, we said: "This act is framed in general terms, and is not restricted in locality, but operates equally and uniformly throughout the state. The second section only provides that an act of the Legislature of 1915 creating a special school district was not repealed. This simply left the special act in force. It is one thing for the Legislature to say that a part of the territory of the state is expressly exempted from the provisions of an act, and quite a different thing to say that a special act, passed at a time when it was lawful to do so, was not repealed. We are of the opinion that the act under consideration is a general and not a local or special act, because the act applies to and affects alike all persons and things of

the same class and condition who elect to bring themselves by proper procedure within the terms of the act." *Special School District No. 60* v. *Special School District No. 2*, 181 Ark. 253, 25 S. W. 2d 443. See, also, *State* v. *Brooks*, 186 Ark. 106, 52 S. W. 2d 640; *Evans* v. *Phillipi*, 117 Pa. St. 226, 11 Atl. 630, 2 Am. St. Rep. 655.

Act 153 of 1937 by its general terms extends to all parts of the state, but it expressly provides that the special acts in question are not repealed. Amendment No. 14 permits the repeal of local or special acts; and, without in any sense impairing act 153, any or all of the special or local laws, recognized by act 153 as being in existence, may be repealed by appropriate legislation, dealing exclusively with such special acts. Thereupon, and without amending or re-enacting act 153, the cities and towns at present excepted would automatically come within the terms of the general act.

In reaching this result, however, we are still faced with the proposition that the percentage of the three mill road tax going to towns and cities served under the special acts may be greater or less than one-half—the amount apportioned under act 153. If the special acts should be repealed, thus bringing the excepted towns and cities within the provisions of act 153, that transition would be effectuated without reference to any classification. But, since there is no attempt at classification by act 153, the question of uniformity does not arise except as to the application of act 153 before repeal of the special acts, during which time, admittedly, different results are obtained. The answer would seem to be that, since validity of the special acts cannot be raised here for the reason that they were passed prior to adoption of Amendment No. 14, act 153 is not affected by the inequality which prevails because of such prior valid enactments.

The decree of the chancellor in sustaining the demurrer, and dismissing the cause, is affirmed.