SNOW v. RIGGS.

Opinion delivered February 7, 1927.

1. CONSTITUTIONAL LAW—DELEGATION OF POWER BY LEGISLATURE.— The State Highway Commission may be authorized by the Legislature to promulgate a rule prescribing on which side of the highway pedestrians should walk, without violating the Constitution.

2. CONSTITUTIONAL LAW—DELEGATION OF POWER.—The Legislature may by statute prescribe general rules and intrust their enforce-

ment to the State Highway Commission and give power to the Commission to enact further rules not in conflict with the statute.

3. STATUTES—UNCERTAINTY.—A statute which is too vague and uncertain to be effective is void.

4. HIGHWAYS—REGULATION OF USE.—Acts of Extraordinary Session of 1923, p. 11, § 68, giving the State Highway Commission power to make rules and regulations for traffic on State highways, *held* not to authorize the Commission to adopt a rule as to the side of the highway on which pedestrians should travel.

5. HIGHWAYS—INJURY BY AUTOMOBILE—CONTRIBUTORY NEGLIGENCE.— A pedestrian walking on the right side of a highway, contrary to a rule of the State Highway Commission, is not guilty of contributory negligence as matter of law precluding recovery for injury by an automobile coming from behind.

6. HIGHWAYS—RIGHTS OF PEDESTRIANS.—A pedestrian has equal rights with others to the use of public roads, and must exercise ordinary care for his own safety, and it is generally a question for the jury whether such care has been exercised.

7. HIGHWAYS—INJURY TO PEDESTRIAN—BURDEN OF PROOF.—In an action for personal injuries by a pedestrian, the burden of showing defendant's negligence is on plaintiff, and the burden of showing plaintiff's contributory negligence is on the defendant.

Appeal from Randolph Circuit Court; *John C. Ashley,* Judge; affirmed.

STATEMENT OF FACTS. .

Mary Riggs instituted this action in the circuit court against Linn Snow to recover damages for having been negligently struck and injured by an automobile which he was driving while she was walking along a State highway in Randolph County, Arkansas.

According to the evidence adduced in favor of the plaintiff, she came out of a gate on the State highway in Randolph County, Arkansas, and started walking northward along the edge of the road on the east, or right-hand side thereof. She was at the edge of the road, and did not hear any warning of the approach of an automobile. There was a wagon about the center of the road where the plaintiff was walking, and Linn Snow approached in an automobile, also going north. He was traveling at a rapid rate, and turned around to the right of the wagon in order to pass it, and struck the plaintiff

with his automobile and severely injured her. It is
fairly inferable from the evidence that the defendant
could have seen the plaintiff in time to have stopped his
automobile and thus have avoided striking her. Accord-
ing to the evidence of the plaintiff, she did not hear or see
the approaching automobile.

There was a verdict and judgment in favor of the
plaintiff, and the case is here on appeal.

*E. G. Schoonover* and *Smith, Jackson & Blackford,*
for appellant.

*Pope & Bowers,* for appellee.

Hart, J., (after stating the facts). Under an act
of an extraordinary session of the Legislature, approved
October 10, 1923, power is given the State Highway Com-
mission to promulgate reasonable rules and regulations
to regulate traffic on State highways. Extraordinary
Acts of 1923, page 11. According to the rules promul-
gated pursuant to § 68 of the act, pedestrians on State
highways are required to travel on the left side of the
highway in order that they may face and thus see
approaching automobiles.

It is the contention of counsel for the defendant that,
under this regulation adopted by the State Highway
Commission, the plaintiff was guilty of contributory neg-
ligence as a matter of law because she was walking on the
wrong side of the road when she was struck by the auto-
mobile. It is sought to uphold the judgment on two
grounds.

The first ground is that the State Highway Commis-
sion had no authority to promulgate a rule prescribing on
which side of a State public highway footmen should
walk. We do not agree with counsel in this contention.
In 6 Ruling Case Law, page 179, § 179, the general rule
is declared to be that there are no constitutional objec-
tions arising out of the doctrine of the separation of
the powers of government to the creation of administra-
tive boards empowered within certain limits to adopt
rules and regulations, and authorizing them to see that
the legislative will expressed in statutory form is carried

out by the parties or corporations over whom such boards may be given administrative power. This doctrine has been recognized and applied by this court according to the facts of each particular case. *Davis* v. *State,* 126 Ark. 260, 190 S. W. 436; *State* v. *Martin & Lipe,* 134 Ark. 421, 204 S. W. 622; and *Britt* v. *Laconia Circle Sp. Drainage Dist.,* 165 Ark. 92, 263 S. W. 48.

The rule itself and the reason for it is stated in a clear and comprehensive manner by the Supreme Court of Illinois in *People* v. *Roth,* 249 Ill. 532, 94 N. E. 953, Ann. Cas. 1917A, p. 100. In discussing the subject, Vickers, C. J., said:

"The government of a State is not such an exact science that every possible contingency can be foreseen and provided for by legislative enactment. The agencies of government do not act automatically, but, to accomplish the ends of government, it is necessary to vest in its officers certain general powers, with a discretion in the government agents as to their exercise. It would be as impracticable as it is undesirable to attempt to formulate in advance a set of hard-and-fast rules by which every conceivable public act should be governed. In order to accomplish the ends of local government it has been found expedient to create various boards and commissions, which are charged with the duty of supervising, directing and controlling particular subjects, and to authorize such boards to formulate rules to carry out the object in view, and it has usually been held, in this and other States, that the granting of such power by the Legislature was not a grant either of legislative or judicial power."

There can be no doubt that, in pursuance of its authority to regulate public highways and travel thereon, the Legislature may by statute prescribe general rules and intrust their enforcement to a State Highway Commission, and may give power to the Commission to enact further rules not in conflict with the statute. 12 C. J. 847 *et seq.,* and p. 917. If the Legislature, within reasonable limits, may enact statutes regulating the use of

vehicles on the highways and prescribing the side of the highways upon which pedestrians may travel, in the application of the principles above announced, it is equally certain that the Legislature may delegate to the State Highway Commission the power to adopt reasonable rules and regulations to carry out the provisions of the statute regulating the use of the public highways of the State.

It is also insisted that the rule in question is of no effect because the statute under which the rule is promulgated is not sufficiently definite for that purpose. In this connection we think counsel for the plaintiff are correct. Where an act is too vague and uncertain to be effective, it is void on that account. *Bittle* v. *Stuart,* 34 Ark. 224, and *Ex parte Jackson,* 45 Ark. 158.

The rule prescribing upon which side of State highways footmen may travel was enacted under the authority of § 68 of the act referred to above. It reads as follows:

"Power is hereby conferred on the State Highway Commission to make all necessary and reasonable rules and regulations to carry out the provisions of this act, to regulate the traffic on State highways, including regulation of lights on motor vehicles, to fix the load limits and speed limits, the cancellation of licenses issued to incompetent or reckless chauffeurs, to regulate the placing of appropriate road signs and danger signals, to fix the duties of all persons employed by the Commission, including the State Highway Engineer and secretary, and to issue necessary bulletins and publications. Said rules and regulations may be printed and distributed by the State Highway Commission."

There is nothing in the section, when construed according to the plain and ordinary meaning of the language used, which would give the State Highway Commission the authority to adopt rules prescribing upon what side of the street highway pedestrians should travel. If the Legislature thinks such an act is desirable, it should declare its purpose in a statutory enactment, or should give the Highway Commission the power to do so in

plain and unmistakable terms. The Legislature, having failed to confer the power upon the State Highway Commission, the courts cannot do so by judicial construction.

Then, too, the judgment must be affirmed for another reason. Even if the rule in question was rightfully in force, it could not be said as a matter of law that the plaintiff was guilty of contributory negligence which would preclude her recovery. A pedestrian, having equal rights with others to the use of the public roads, must exercise ordinary care for his own safety, and it is generally a question for the jury to say whether such care has been exercised. In the present case the burden of proving negligence was upon the plaintiff and of proving contributory negligence upon the defendant. *Millsaps* v. *Grogdon,* 97 Ark. 469, 134 S. W. 632, 32 L. R. A., N. S., 1177, and *Minor* v. *Mapes,* 102 Ark. 351, 144 S. W. 219, 39 L. R. A. N. S. 214. In the latter case the court held that, while drivers of automobiles and other vehicles have the right to share the street with pedestrians, they must anticipate the presence of the latter and exercise reasonable care to avoid injuring them, commensurate with the danger reasonably to be anticipated. In the case first cited, the court held that a pedestrian and the driver of an automobile each have the same right to the use of the streets of a city, and each is bound to the exercise of ordinary care for his own safety and the prevention of injury to others in the use thereof. In the application of this principle of law, even if there was a valid statute or a regulation of the State Highway Commission prescribing upon which side of a public road a pedestrian should travel, it could not be said that the pedestrian was guilty of contributory negligence as a matter of law for the reason he was struck by an automobile approaching from his rear; for the pedestrian might have some good cause or excuse for traveling on the wrong side of the road.

No other assignments of error are urged for reversal of the judgment, therefore it will be affirmed.