FORT SMITH *v.* BRUCE.

Crim. 3822

Opinion delivered October 31, 1932.

424

*Geo. W. Dodd,* for appellant.

*A. M. Dobbs,* for appellee.

HUMPHREYS, J. Appellee was convicted in the municipal court of Fort Smith for failing to pay an occupation tax provided by ordinance and appealed to the circuit court, where the cause was submitted to the court, sitting as a jury, upon the following agreed statement of facts:

"It is agreed that the defendant, W. H. Bruce, is conducting a plumbing business, and would, if not exempted by the facts and law hereinafter set up, be subject to pay a privilege tax under the ordinances of the city of Fort Smith.

"The defendant pleads as a defense that he, being a resident of the Fort Smith District of Sebastian County, has been granted a certificate by the county judge certifying that he is entitled to the privileges and exemptions provided by Crawford & Moses' Digest, § 9842, which certificate is attached hereto and made a part of this statement of facts, and plaintiff admits the genuineness of said certificate, and the same is unrevoked.

"It is admitted that defendant is an ex-United States soldier of the World War, and has a certificate of disability showing him to be a disabled soldier, a copy of which is hereto attached and made a part of this statement.

"It is admitted that defendant is drawing compensation under the provisions of the laws of the United States relating to veterans of the World War in the sum of $50 per month, and is a married man with a wife and

two children, and has no property or business except the plumbing business from which to provide a living for himself and family.

"The certificate of disability issued by the United States Veteran's Bureau states, 'That because of defendant's disability, asthma bronchial, severe with emphysema, right, which was caused by military service, his rating of permanent partial 50 per cent. will be continued.'

"The certificate of the county judge is as follows: "To Whom It May Concern:

"The bearer of this permit, Wallace H. Bruce, Jr., is a regularly discharged member of the United States Marine Corps, and, under § 9842 of Crawford & Moses' Digest of the laws of Arkansas, is entitled to engage in what is known as 'hawking and peddling,' as is prescribed by this section.

"Therefore, the said Wallace H. Bruce, Jr., is on this day given a permit to engage in any business not in violation of said section, without paying a license therefor.

"July 2, 1931.

(Signed) "S. A. Lynch,
"County Judge, Sebastian County, Arkansas."

The circuit court found that appellee was not drawing a pension within the meaning of said section of the Digest, but was drawing compensation, and was exempt from the payment of the tax under § 9842 of Crawford & Moses' Digest, and returned a judgment of acquittal, from which is this appeal.

The decisive question presented by this appeal is whether appellee is receiving a monthly pension of more than $8 within the meaning of § 9842 of Crawford & Moses' Digest. That section exempts an ex-United States soldier, as well as certain others, from paying privilege or occupation taxes who do not draw a pension in excess of $8 per month. There is nothing in the context of the section indicating that the word "pension" was used in any other than its ordinary sense or meaning.

"Pension" is defined in Webster's International Dictionary as "a stated allowance or stipend made in consideration of past services or of the surrender of rights or emoluments to one retired from service; esp., a regular stipend paid by a government to retired public officers, disabled soldiers," etc.

"Pension" is defined in Black's Law Dictionary as "a stated allowance out of the public treasury granted by the government to an individual or to his representatives for his valuable services to his country or in compensation for loss or damage sustained by him in the public service."

The agreed statement of facts reflects that appellant is receiving $50 per month, or more than $8 per month, from the United States Government on account of disabilities caused by his military service; so, the amount received by him is a pension within the definitions quoted above, and in the sense the word "pension" was used in the statute. The trial court erred in ruling that the monthly stipend received by appellee was compensation and not a pension. The stipend was not founded in contract and cannot therefore be regarded as compensation, but was a gratuity or bounty allowed him on account of disabilities received in military service.

Appellee also insists that the certificate issued to him by the county judge of Sebastian County conclusively shows that he is exempt from the payment of the license fee imposed by the ordinance. The certificate of the county judge was made pursuant to the provisions of § 9842 of Crawford & Moses' Digest, which states that the certificate shall "be sufficient proof of the indigency or disability, and of the service of said soldier or sailor in the Confederate, or United States Army or Navy." The certificate does not state the amount of pension the applicant draws, so could not be conclusive proof that he comes within the exemption.

On account of the error indicated, the judgment is reversed, and the cause is remanded for a new trial.