MISSOURI PACIFIC TRANSPORTATION COMPANY *v.* BROWN.

4-4452

Opinion delivered December 7, 1936.

*G. P. Patten* and *Carmichael & Hendricks,* for appellant.

*Galbraith Gould,* for appellee.

MEHAFFY, J. The appellee brought suit in the Jefferson circuit court against the appellant. She alleged that the servants, agents and employees of the appellant carelessly and negligently operated appellant's bus in the city of Pine Bluff, and the bus struck her wagon in which she was riding. She alleged that she was permanently injured; that she sustained bodily injuries as follows: concussion of the brain, fractured ribs, crushed chest and internal injuries. She alleged that her wagon was demolished and her mule injured. She suffered great physical pain and mental anguish, and will continue to suffer. It was alleged that her wagon and mule were damaged in the sum of $150 and that as a result of her injuries she sustained damages in the sum of $2,900.

The appellant filed answer denying the material allegations of the complaint and alleged that it was dark at the time of the collision and that there was no lighted lantern on the back of the wagon. It alleged, also, that the injury and loss was due to appellee's own contributory negligence.

There was a jury trial, a verdict and judgment for $750, and to reverse this judgment this appeal is prosecuted.

It is the contention of the appellant that the appellee was guilty of contributory negligence, and that for that reason a verdict should have been directed for the appellant.

The evidence as to appellant's negligence and, also, as to the contributory negligence of appellee was in conflict. The appellee's evidence tended to show that she had a light on the rear of her wagon; that she was exercising proper care for her own safety, and that the driver of the bus negligently ran into her wagon.

Appellant's evidence tended to show that the driver of the bus was in the exercise of care and that there was no light on appellee's wagon, and that she was guilty of contributory negligence.

On these questions the appellant requested, and the court, gave the following instruction:

"If you find from a preponderance of the evidence that Mary Brown was driving a wagon that was not equipped with and displaying a red or yellow light at the rear thereof, which would be visible for five hundred feet under normal atmospheric conditions, you may then take that into consideration in determining whether or not Mary Brown was guilty of contributory negligence which caused or contributed to her injury and damage."

The appellant relies on act 223 of the Acts of 1927, p. 721. That is what is known as a uniform act regulating the operation of vehicles on highways. It provides for traffic signs, signals and lights.

Under that act every vehicle upon a highway within this State, during the period from a half-hour after sunset to a half-hour before sunrise, and at any other time when there is not sufficient light to render clearly discernible any person on the highway at a distance of 200 feet ahead, shall be equipped with lights, etc.

The law also provides that vehicles shall display a yellow or red light visible from a distance of not less than 500 feet to the rear of such vehicle.

The appellant contends that this law was not complied with by the appellee, and that she was, therefore, guilty of contributory negligence. The case of *Fair Oaks*

*Stave Company* v. *Shue,* 184 Ark. 1041, 44 S. W. (2d) 670, relied on by appellant, is a case where the injured parties were riding on a hand car, and when they started out they were warned to look out for the tractor and cars that were operated by the stave company. They knew that it was on the tram road, and this court said:

"Although advised to look out for this equipment, neither did so, but blindly proceeded into a collision which resulted in her death."

In the instant case Mary Brown was driving an old mule hitched to a wagon on the right side of the street, and the undisputed testimony shows that the bus was being driven at approximately twenty miles an hour, and before it reached the wagon of appellee another car came, meeting the bus, and the driver of the bus testified that the car approaching him had bright lights and they were not dimmed, and that under the conditions, he could not see beyond the approaching automobile, although he does not claim that he reduced the speed of the bus until after he saw the wagon. In other words, he kept going at the rate of about twenty miles an hour, notwithstanding he could not see ahead because of the lights on the other car.

Appellant contends that appellee was guilty of contributory negligence because she violated the statute. If the violation of a law causes or contributes to the accident and injury, it prevents recovery; but if one's negligence injures another, he cannot escape liability by showing that the other was at the time violating the law, unless the violation of the law contributed to the injury.

"The main point now urged by appellant is that the plaintiff was guilty of contributory negligence because of the violation of the statute. Notwithstanding the rule as to defendant's liability resulting from the violation of a statute which is the proximate cause of the injury, it is a well-established rule of law in this State that the violation of a statute or ordinance is not held conclusive evidence of contributory negligence, but merely a circumstance for the consideration of the jury." *Dohm* v. *B. N. Cardoza & Brother,* 165 Minn. 193, 206 N. W. 377.

"The established rule is that before an illegal act or omission can be held to be contributory negligence, it must appear that there was casual connection between such act or omission and the injury, and the mere collateral wrongdoing of the plaintiff cannot of itself defeat his right to recover where it did not proximately contribute to his injury." *Lavenstein* v. *Maile,* 146 Va. 789, 132 S. E. 844.

"It has been directly held by this court that a plaintiff in an action for damages caused by tort can recover notwithstanding he was violating the law at the time he received the injury where the act in violation of the law was not the proximate cause of the injury." *Stack* v. *General Baking Co.,* 283 Mo. 396, 223 S. W. 89.

This court has said: "Even if the rule in question was rightfully enforced, it could not be said as a matter of law that the plaintiff was guilty of contributory negligence which would preclude her recovery. A pedestrian, having equal rights with others to the use of the public roads, must exercise ordinary care for his own safety, and it is generally a question for the jury to say whether such care has been exercised. * * * In the application of this principle of law, even if there was a valid statute or a regulation of the State Highway Commission prescribing upon which side of a public road a pedestrian should travel, it could not be said that the pedestrian was guilty of contributory negligence as a matter of law for the reason he was struck by an automobile approaching from his rear; for the pedestrian might have some good cause or excuse for traveling on the wrong side of the road." *Snow* v. *Riggs,* 172 Ark. 835, 290 S. W. 591; 45 C. J. 969; 37 Cyc. 573, *et seq.*

It is next contended by the appellant that appellee should not have been permitted to amend her complaint. One of the physicians testified that he found a new condition that had developed, which was atrophy of the left arm. Appellant's attorney objected because there was nothing about the atrophy of the arm in the complaint. The court permitted the appellee to amend her complaint, and admitted the testimony. This testimony was ob-

jected to, but the court told the attorney for the appellant at the time that he would give him time to have her examined. The attorney did not claim to be surprised and did not ask for a postponement of the case.

Section 1239 of Crawford & Moses' Digest reads as follows: "The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense by conforming the pleading or proceeding to facts proved."

Section 1244 of Crawford & Moses' Digest is as follows: "When either party shall amend any pleading or proceeding, and the court shall be satisfied by affidavit or otherwise, * * * a continuance may be granted to some day in the same term or to another term of court."

In a suit brought against the railway company for damages for carrying a passenger by a station, and after the jury was impanelled and sworn, the plaintiff asked leave to amend her complaint by charging that the conductor of said train was intoxicated and abusive, etc. The defendant objected to the amendment because it set up a new cause of action and additional elements of damage; that it had no notice and was not prepared for trial. The defendant stated that it was surprised by the amendment, and that it was not prepared for trial, and asked that the case be continued. The court refused to continue the case, but ordered the trial to proceed at once. This court held that the amendment was proper, but it stated: "The effect of it, however, was such as to introduce an additional element of damages, and perhaps to change the action from one merely upon the contract, to an action *ex delicto.*" The court held that the circuit court erred in refusing to grant the continuance. *St. Louis, I. M. & So. Ry. Co.* v. *Power,* 67 Ark. 142, 53 S. W. 572.

Appellant contends that certain testimony was admissible, and the court refused to permit witnesses to

testify. The driver of the bus, when asked why he left the company, replied that he was discharged. When asked for what, he said: "Accidents."

The appellant then asked the question: "I wish you would tell the jury what the Missouri Pacific Transportation Company calls an accident." This was objected to and the objection sustained by the court. We think the court did not err in this. Of course it would have been wholly immaterial to have evidence of what the Missouri Pacific Transportation Company called an accident. The appellant did not seek to ascertain the cause of his discharge, but simply sought to find out what the company considered an accident.

Another question was asked by appellant and objected to, and the objection sustained. The question was whether or not the driver of the bus was making the usual speed through the traffic. The usual speed might have been entirely proper, or it might not have been.

Both appellant's and appellee's witnesses testified as to the traffic and the speed of the bus.

Objection is made by appellant to several instructions, but we do not think it would serve any useful purpose to set them out at length and discuss them. We think the instructions, as a whole, properly directed the jury, and that there was no error in giving or refusing to give instructions. This being true, there are only questions of fact to be considered, and these questions are settled by the verdict of the jury.

It is contended, however, that the verdict is excessive. The evidence shows that the appellee was thrown from the wagon and injured severely, and the jury returned a verdict for only $750. One physician testified that his bill was $100. The hospital bill was $85, and there was some injury to her wagon, and we think the verdict is not excessive.

The judgment of the circuit court is affirmed.