EDELMANN v. THE CITY OF FORT SMITH.

4-4658

Opinion delivered May 24, 1937.

*Paul E. Gutensohn,* for appellant.

*Fadjo Cravens,* for appellee.

MEHAFFY, J. This action was instituted by the appellee to recover $25 from appellant. The complaint alleged that the appellant was an electrical contractor engaged in business in the city of Fort Smith, and was required to pay a license or tax of $25 per annum for the privilege of engaging in such business, as provided by ordinance of the city.

The appellant answered admitting the allegations of the complaint, but justifying his refusal to pay the license by reason of a certificate issued by the county judge of Sebastian county pursuant to provisions of § 9842 of Crawford & Moses' Digest, alleging that he had made the affidavit required by this section; that he is not and never has drawn a pension from the United States exceeding the sum of $8 per month; that he was a member of the United States Army during the World War, having been properly mustered in and served as a soldier of the United States during such war; he alleged that by reason of the certificate granted to him, he was entitled to engage in the business of an electrical contractor in the city of Fort Smith without paying the privilege tax.

Appellee filed a demurrer to the answer on the grounds that the answer did not state a defense, and that § 9842 of Crawford & Moses' Digest is unconstitutional and void, being in violation of art. 2, § 18, of the Constitution of the state of Arkansas.

The court sustained the demurrer, the appellant declined to plead further, and elected to stand on his answer. The court thereupon rendered judgment in favor of the city against the appellant for the amount sued for.

As stated by the appellant, the sole question presented is whether § 9842 of Crawford & Moses' Digest is unconstitutional as granting to a citizen or class of citizens privileges or immunities not equally belonging to all citizens.

Section 18 of art. 2 of the Constitution reads as follows:

"The General Assembly shall not grant to any citizen or class of citizens privileges or immunities which upon the same terms shall not equally belong to all citizens."

Section 9842 of Crawford & Moses' Digest reads as follows:

"It shall be lawful for any indigent or disabled ex-Confederate or ex-United States soldier or sailor and all blind persons having certificate of attendance at blind school, residing in the state, to engage in what is commonly known as hawking and peddling, to give illustrated lectures and magic lantern exhibitions and such other like entertainments, and further he shall be permitted to engage in brokerage or real estate, or any other business that is not prohibited in this state, without either paying state, county, city or town license or tax for the privilege of so doing; provided, that the provisions of this act shall not apply to any ex-Confederate or ex-United States soldier or sailor drawing a pension exceeding eight dollars per month. Before any ex-Confederate or ex-United States soldier or sailor shall be entitled to any of the privileges set out in this act, he shall make an affidavit in writing, before some officer authorized by law to administer oaths, that he is a resident of this state, and that he was properly mustered in and served as a soldier or sailor in the army or navy of the Confederacy or the United States. A certificate of the county judge of the county in which any ex-Confederate or ex-United States soldier or sailor resides, setting forth that said soldier or sailor has complied with the provisions of this act and that he is entitled to the benefits and privileges set out above, shall be sufficient proof of the indigency or disability and of the service of said soldier or sailor in the Confederate or United States army or navy; provided, that nothing in this act shall be so construed as to authorize the peddling of any ardent spirits or intoxicating liquors upon which a license is now imposed by law; provided, further, that the privileges hereunto granted shall not be assignable or trans-

ferable to or used by any other person than the original person or persons to whom a certificate has been issued, as provided by this act.''

The question here involved has never been determined by this court. In the case of *Fort Smith* v. *Bruce,* 186 Ark. 423, 54 S. W. (2d) 297, the appellee was engaged in the plumbing business and was an ex-United States soldier of the World War, and had a certificate of disability, showing him to be disabled, and a certificate of the county judge. It was admitted that appellee was drawing compensation under the provisions of the laws of the United States relating to veterans of the World War in the sum of $50 per month. The trial court held that the $50 per month paid appellee was compensation and not a pension. This court held that the $50 per month was a pension, and he was, therefore, not entitled to a certificate under § 9842, because that applies where the amount received is not more than $8 per month. The question of the constitutionality of the statute above referred to was not discussed nor decided.

Does § 9842 grant to a citizen or class of citizens privileges or immunities which upon the same terms shall not equally belong to all citizens?

There is some conflict of authority, but the weight of authority seems to be that statutes of this character are violative of the constitutional provision.

In the case of *Marallis* v. *City of Chicago,* 349 Ill. 422, 182 N. E. 394, 83 A. L. R. 1222, the statute was held to be violative not only of the State Constitution, but of the first section of the Fourteenth Amendment to the Federal Constitution. In discussing the provisions of the State Constitution, the court said:

''While it is competent for the Legislature to determine upon what difference a distinction may be made for the purpose of statutory classification of objects otherwise having a resemblance, and while the Legislature is not required to be scientific, logical, or consistent in its classification, yet these propositions however stated are always subject to the qualification that the power must not be arbitrarily exercised and that the distinction has a reasonable basis when considered with reference to

the purposes of the legislation. * * * Each person subject to the laws has a right that he shall be governed by general, public rules. Laws and regulations entirely arbitrary in their character, singling out particular persons not distinguished from others in the community by any reason applicable to such persons, are not of that class. Distinctions in rights and privileges must be based upon some distinction or reason not applicable to others."

A great many authorities are cited in support of this opinion, and the act was held void by the Supreme Court of Illinois.

The following cases, also, hold statutes like the one involved here void: *State* v. *Whitcom,* 122 Wis. 110, 99 N. W. 468; *Adams* v. *Standard Oil Co.,* 97 Miss. 879, 53 So. 692; *State* v. *Garbroski,* 111 Ia. 496, 82 N. W. 959, 56 L. R. A. 570, 82 Am. St. Rep. 524; *Laurens* v. *Anderson,* 75 S. C. 62, 55 S. E. 136, 117 Am. St. Rep. 885, 9 Ann. Cas. 1003; *Ex Parte Jones,* 38 Tex. Crim. Rep., 43 S. W. 513; *State* v. *Shedroi,* 75 Vt. 277, 54 Atl. 1081, 63 L. R. A. 179, 88 Am. St. Rep. 825; *Commonwealth* v. *Hana,* 195 Mass. 262, 81 N. E. 149, 11 L. R. A. (N. S.) 799, 122 Am. St. Rep. 251, 11 Ann. Cas. 514.

The statute under consideration unquestionably grants to a class of citizens privileges or immunities, which upon the same terms do not equally belong to all, and is, therefore, violative of § 18 of art. 2 of the Constitution, and is void.

The judgment of the circuit court is affirmed.