CONWAY COUNTY BRIDGE DISTRICT *v.* FULLERTON.

4-5112

Opinion delivered June 13, 1938.

414

*E. A. Williams* and *Owens, Ehrman & McHaney,* for appellant.

*Edward Gordon,* for appellee.

SMITH, J. The Conway County Bridge District was created by act 71 of the Acts of 1917 (Acts 1917, Vol. 1, p. 314). Pursuant to § 11 of this act the sheriff and collector of the county was made the collector of the special assessments levied for the benefit of the bridge district, and for this service he was allowed a commission of one per cent. of his collections. The collector was required by § 12 of the act to prepare a list of lands on which the special taxes were not paid and to ". . . report such delinquencies to the board of commissioners of said district." The collector was allowed no additional fee for this service.

When this act was passed there was no inhibition against the enactment of local and special legislation.

The General Assembly, at its 1937 session, passed an act numbered 376 (Acts 1937, p. 1359). This act reads as follows:

"Section 1. That collectors who shall handle the collection of Special Improvement Districts in their respective counties, shall receive from the said Special Improvement Districts the same rate of commission as allowed them by law for collection of general taxes.

"Section 2. That the said collectors shall receive from the said districts for certifying tracts of delinquent property in said districts the same fee as now allowed by law for certifying tracts delinquent for general taxes; viz., ten cents per tract.

"Section 3. This act shall not apply to any county in which the collector receives a salary for his services.

"Section 4. All laws and parts of laws in conflict herewith are hereby repealed, and this act being neces-

sary for the efficient and prompt conduct of the public business. An emergency is hereby declared and same shall take effect and be in force from and after its passage.

"This bill having remained with the Governor twenty days, the Legislature having adjourned and not being in session, has become a law this 1st day of April, 1937."

The collector of Conway county charged and was allowed fees for the collection of the 1936 taxes of the bridge district pursuant to the provisions of act 376 of the Acts of 1937. The commissioners of the bridge district resist the allowance of these fees and insist that the only compensation allowed the collector is that fixed by act 71 of the Acts of 1917.

The question presented for decision is that of the constitutionality of the act of 1937.

This act was passed subsequent to the adoption of Amendment No. 14 to the Constitution, at the 1926 General Election, which reads as follows:

"The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts."

It is insisted that the General Assembly has power to fix fees to compensate all or any duties imposed by law upon collectors and other officials. So it has; but it must do so by general—and not by special—legislation. *Smith* v. *Cole,* 187 Ark. 471, 61 S. W. 2d 55.

We judicially know that there are a number of counties whose officials are paid salaries, while in other counties the officials are paid fees for their services. The act 376 recognizes that fact. The service of certifying delinquent lists is the same in all counties, whether the officer making the certificate is paid in fees or is paid a salary. There is, therefore, no basis for the classification which results in this diversity of compensation for the identical service. *Simpson* v. *Matthews,* 184 Ark. 213, 40 S. W. 2d 991; *Street Imp. Dists. Nos. 481 and 485* v. *Hadfield,* 184 Ark. 598, 43 S. W. 2d 62; *Leonard* v.

*Luxora-Little River Rd. Maintenance Dist. No. 1,* 187
Ark. 599, 61 S. W. 2d 70.

There are improvement districts, of one kind or an-
other, in most, if not all, of the counties of the state, and
the act of 1937 applies to the collection of the taxes and
to the certification of delinquencies of all special im-
provement districts, in any and all the counties. But
the act provides a different compensation for the iden-
tical service in counties in which the collectors receive a
salary for their services from that allowed collectors in
other counties who are not paid salaries. This is an ar-
bitrary classification, and, upon the authority of the cases
above cited, may not be made, as such legislation is viola-
tive of Amendment No. 14.

It is said that §§ 1 and 2 of the act of 1937, copied
above, considered apart from § 3 of that act, would be
valid legislation, and so they would. It is suggested,
therefore, that these sections should be upheld as valid
legislation notwithstanding the presence and invalidity
of § 3 of that act.

We have many cases which have considered the ef-
fect of partial invalidity of an act as being unconstitu-
tional. A recent case upon the subject is that of *Conway
County Bridge District* v. *Williams,* 189 Ark. 929, 75 S.
W. 2d 814. The appellant there is the same appellant
here, but an entirely different act is involved. We held
in that case that the constitutional invalidity of a portion
of the act did not render the whole act void. But this
may be so held only where the unconstitutional portion
of the act is separable and there is a complete act with-
out it, and it is apparent that the legislation would have
been enacted even though the unconstitutional portion
were stricken from it. In this case of *Conway County
Bridge Dist.* v. *Williams, supra,* where the act under con-
struction was held valid although a portion thereof was
unconstitutional, it was said: ''We think, therefore, that
the Legislature would have passed act 11 of 1934 as
readily without the provision herein held to be unconsti-
tutional as it did with it included. *Alsup* v. *State,* 178
Ark. 170, 10 S. W. 2d 9.'' But we do not entertain the

same certainty about the enactment of the act of 1937 with § 3 stricken from it, and we must, therefore, construe the act in its entirety with § 3 as a part thereof. With this § 3 considered as a part of the act it is violative of Amendment No. 14, and it was error, therefore, to allow the collector the fees which it provides.

It is the opinion of the majority, therefore, that the decree should be reversed and the cause remanded, with directions to allow the collector only those fees provided by act 71 of the Acts of 1917, and it is so ordered.