State *v.* Bryant.

4667                                         241 S. W. 2d 473

Opinion delivered July 9, 1951.

*Ike Murry,* Attorney General, and *Arnold Adams,* Assistant Attorney General, for appellant.

*Leffel Gentry,* for appellee.

ROBINSON, J. Appellee was arrested and charged with a violation of Act 151 of 1951, which requires certain signal devices on trucks of certain dimensions and exempts other trucks from the operation of the Act, although such exempted trucks may come within the named dimensions. The trial court held the Act to be void. The State has appealed. Act 151 of 1951 amends § 75-619, Ark. Stats., and provides:

"The signals herein required shall be given either by means of the hand and arm or by a signal lamp or signal device in good mechanical condition of a type approved by the State Highway Commission, provided when a commercial vehicle is so constructed or loaded that a hand and arm signal would not be visible both to the front and rear of such vehicle then such signals shall be given by such lamp or device. A vehicle shall be considered as so constructed or loaded that a hand and arm signal would not be visible both to the front and rear when the distance from the center of the top of the steering post to the left outside limit of the body cab or load exceeds 24 inches (on the right outside limit in the case of a right hand drive vehicle), or when the distance from the center of the top of the steering post to the rear limit of the body or load thereon exceeds 14 feet, which limit of 14 feet shall apply to single vehicles or combination of vehicles.

"Section 2. The provisions of section 1 hereof shall not apply to haulers of forest products, small farm vehicles, luggage and/or horse trailers drawn by automobiles where the width of the trailer is of the approximate width of the automobile drawing the same."

The constitutionality of the Act is challenged with the assertion that the Act violates Amendment No. 14 to the Constitution of Arkansas prohibiting the passage of special Acts, and section 18 of Article 2 of the Constitution of Arkansas, providing that "the General Assembly

shall not grant to any citizen or class of citizens privileges or immunities which upon the same terms shall not equally belong to all citizens." Also, the Act is challenged on the ground that it is vague, indefinite, and not enforceable in a uniform manner. "The courts require a Statute to be definite and reasonable." 5 Am. Jur. 532.

"A statute making it unlawful to operate an automobile the front lights of which project a light of such glare and brilliancy as seriously to interfere with the sight of, or temporarily blind the vision of, a driver of a vehicle approaching from the opposite direction is obnoxious to the rule which requires some degree of certainty in informing one accused of crime of the nature of the accusation against him, since glare and brilliancy are not described by any standard that is certain and that may be known in advance by the citizen." 5 Am. Jur. 533.

That part of the 1951 Act which applies to "small farm vehicles" is so vague and indefinite that it would be wholly impractical to enforce it. A person is entitled to know when he is violating the law. A "small farm vehicle" is not defined in the Statute nor does the Statute provide as to how it is to be determined whether a farm vehicle is small. A court and jury in one section of the State might determine a certain vehicle to be small, and, in another section of the State, a court and jury might find the same vehicle to be large. Assuming that a very large vehicle could be definitely classified as large and a very small vehicle could be definitely classified as small, no one would know where the dividing line would be. One of the leading cases on the subject is that of Andrew Jackson, *ex parte,* 45. Ark. 158. That case involves the constitutionality of the revised Statute which made it a misdemeanor to "commit any act injurious to the public health or public morals, or to the perversion or obstruction of public justice, or the due administration of the law." There, Mr. Justice EAKIN, speaking for the court, said:

"We cannot conceive how a crime can, on any sound principle, be defined in so vague a fashion. Criminality depends under it, upon the moral idiosyncrasies of the individuals who compose the court and jury. The standard of crime would be ever varying, and the courts would constantly be appealed to as the instruments of moral reform, changing with all fluctuations of moral sentiment. The law is simply null. The constitution, which forbids *ex post facto* laws, could not tolerate a law which would make an act a crime, or not, according to the moral sentiment which might happen to prevail with the judge and jury after the act had been committed."

Likewise in the case at bar, whether a person had violated the Act would depend on the idea of the court and jury as to when a vehicle is large or small, without the law furnishing any guide in that respect. "Where an act is too vague and uncertain to be effective, it is void on that account. *Bittle* v. *Stuart,* 34 Ark. 224, and *Ex parte Jackson,* 45 Ark. 158." *Snow* v. *Riggs,* 172 Ark. 835, 290 S. W. 591.

In *Casey* v. *Casey,* 142 Ark. 246, 218 S. W. 678, *Ex parte* Jackson, *supra,* was cited with approval on the point of uncertainty. *Green* v. *Blanchard,* 138 Ark. 137, 211 S. W. 375, 5 A. L. R. 84, also cited the Jackson case with approval and added:

"So, too, in discussing the principle in *United States* v. *Reese, et al.,* 92 U. S. 214, 23 L. Ed. 563, the court held the Statute too vague and indefinite for enforcement and, in discussing the question, said: 'Penal Statutes ought not to be expressed in language so uncertain. If the legislature undertakes to define by Statute a new offense, and provide for its punishment, it should express its will in language that need not deceive the common mind. Every man should be able to know with certainty when he is committing a crime. It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained and who should be set at large. This would, to some extent, substitute

the judicial for the legislative department of the government."

In citing with approval the Jackson case, *supra,* the Court of Criminal Appeals of Texas said: "We believe the criticism of the appellant which we have quoted is a just one. The Statute is so framed as to be obnoxious to the rule which requires some degree of certainty in informing one accused of a crime of the nature of the accusation against him, to which he is entitled under article 1, § 10 of the Constitution." *Griffin* v. *State,* 86 Tex. Crim. R. 498, 218 S. W. 494.

In the case of *Chicago & Northwestern Railway Company* v. *Dey,* 35 Fed. 876, 1 L. R. A. 744, the Jackson case, *supra,* is cited, and the Court said: "No penal law can be sustained unless its mandates are so clearly expressed that any ordinary person can determine in advance what he may or what he may not do under it."

In the case of *U. S.* v. *Spokane Dry Goods Company,* 264 Fed. 209, there is a long list of citations to cases holding Acts void for uncertainty.

Act 151 of 1951 cannot be upheld because of the uncertainty of the Act with reference to "small farm vehicles," and the Act cannot be sustained by striking out that part for the reason that to do so would be contrary to the expressed purpose of the legislation, which was to exclude from the operation of the Act "small farm vehicles." *Ex parte,* Deeds, 75 Ark. 542, 87 S. W. 1030.

Since we are holding the Act void for uncertainty, it is unnecessary to discuss the question of the validity of the Act under § 18, article 2, and Amendment 14, to the Constitution of Arkansas.

Affirmed.

HOLT, MCFADDIN and WARD, JJ., concur.

PAUL WARD, Justice, concurring. The conclusion reached by the majority is correct, but in my opinion there is a much sounder reason that might have been given.

The laudable purpose of Act 151 of 1951 was to prevent accidents on the highways by requiring directional lights on motor vehicles which exceeded certain specified dimensions. Section 2 of the act exempts vehicles carrying forest products, farm products, luggage, and/or horses.

This classification is arbitrary and bears no logical relation to the sole purpose of the act or to the results to be achieved and, therefore, violates both § 18 of article 2 of the constitution and Amendment 14.

In the case of *Simpson* v. *Matthews*, 184 Ark. 213, 40 S. W. 2d 991, this court held unconstitutional under Amendment 14 an act giving counties of 75,000 or more "the right to condemn lands for the protection of public roads." In so holding Chief Justice HART used this language:

"The amendment was intended to prevent arbitrary classifications based on no reasonable relation between the subject-matter of the limitation and classification made."

An act of the legislature designed to relieve the collector and sureties on his bond if a suit was pending in circuit court at the time of passage was held in violation of both provisions of the constitution mentioned above in the case of *State, ex rel. Attorney General* v. *Lee,* 193 Ark. 270, 99 S. W. 2d 835. The following are quotes from the opinion written by Judge MEHAFFY:

"The people of the state, by the adoption of Amendment No. 14, did alter, reform and abolish the power of the Legislature to pass local or special acts. We do not see how the amendment could have been made plainer. It simply says they shall not pass a local or special act."

"This act . . . also violates § 18 of article 2 of the Constitution which reads as follows: 'The general assembly shall not grant to any citizen or class of citizens privileges or immunities which upon the same terms shall not equally belong to all citizens.' "

In the case of *Conway County Bridge District* v. *Fullerton,* 196 Ark. 413, 117 S. W. 2d 1065, an act fixing

certain fees for the collection of Special Improvement District taxes was held to violate amendment No. 14 because it exempted counties where the collectors were on a salary. Justice SMITH, who wrote the opinion, gave this reason:

"There is, therefore, no basis for the classification which results in this diversity of compensation for the identical service."

This court, in the case of *State ex rel. Burrow* v. *Jolly*, 207 Ark. 515, 181 S. W. 2d 479, held that an act providing for appointment of road overseers in counties with certain populations violated amendment No. 14 because population was an arbitrary basis on which to make the classification.

In this case the classification made by the legislature was arbitrary because it bears no relation to the purpose for which the act was designed. It is not reasonable to presume that a truck loaded with logs, wheat, baggage or horses is a less hazard on the highways than one of the same dimensions loaded with other substances.

*Edelmann* v. *City of Fort Smith*, 194 Ark. 100, 105 S. W. 2d 528, is a case in point and many others could be cited, but it would serve no useful purpose to do so.