## Rodney LONG *v.* STATE of Arkansas

CR 84-117                                    680 S.W.2d 686

Supreme Court of Arkansas
Opinion delivered November 5, 1984

22

*Jeff Duty,* for appellant.

*Steve Clark,* Att'y Gen., by: *Patricia G. Cherry,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was found guilty of violating the Omnibus DWI Act of 1983 and, on appeal, contends that the act is unconstitutionally vague. We uphold the statute and affirm the conviction. Jurisdiction to decide the constitutionality of the act is in this court. Rule 29(1)(c).

The Omnibus DWI Act of 1983, Ark. Stat. Ann. §§ 75-2501 through 75-2514 (Supp. 1983), changes the definition of the illegal act. Under the earlier statutes, §§ 75-1027 through 75-1031.1 (Repl. 1979), it was unlawful to drive while under the influence of intoxicants and there was a presumption that a person was under the influence of intoxicants if he had a blood alcohol content of .10% or more. Under the 1983 act, two separate acts are declared illegal: (a) driving while intoxicated or (b) driving with a blood alcohol content of .10% or more. The 1983 act, Ark. Stat. Ann. § 75-2503 (Supp. 1983), provides:

(a)  It is unlawful and punishable as provided in this Act [§§ 75-1031.1, 75-1045, 75-2501—75-2514] for any

person who is intoxicated to operate or be in actual physical control of a motor vehicle.

(b)  It is unlawful and punishable as provided in this Act for any person to operate or be in actual physical control of a motor vehicle if at that time there was 0.10% or more by weight of alcohol in the person's blood as determined by a chemical test of the person's blood, urine, breath, or other bodily substance. [Acts 1983, No. 549, § 3.]

Appellant contends that subsection (a), above, is vague. Both the Fourteenth Amendment to the United States Constitution and article 2, section 8 of the Arkansas Constitution declare that no person shall be deprived of life, liberty or property without due process of law. It has been recognized for over 80 years that due process requires some level of definiteness in criminal statutes. Note, *Due Process Requirements of Definiteness in Statutes*, 62 Harv. L. Rev. 77, fn. 2 (1948). Due process requires a statute to be definite enough to provide (1) a standard of conduct for those whose activities are proscribed and (2) a standard for police enforcement and for ascertainment of guilt. *State* v. *Bryant*, 219 Ark. 313, 241 S.W.2d 473 (1951); Note, *The Void-for-Vagueness Doctrine in the Supreme Court*, 109 U. Pa. L. Rev. 67, 68-69 (1960); Note, *Due Process Requirements of Definiteness in Statutes*, 62 Harv. L. Rev. 77-78 (1948).

Subsection (a) of § 75-2503 meets both requirements. First, it gives a fair warning of the prohibited conduct. Due process requires only fair warning, not actual notice. *McBoyle* v. *United States*, 283 U.S. 25, 27 (1931). The standard is the same in Arkansas. *Trice* v. *City of Pine Bluff*, 279 Ark. 125, 129, 649 S.W.2d 179 (1983).

The word "intoxicated" is described in another sub-section, § 75-2502 (a) as:

(a)  "Intoxicated" means influenced or affected by the ingestion of alcohol, a controlled substance, or a combination thereof, to such a degree that the driver's reactions, motor skills, and judgment are substantially

altered and the driver, therefore, constitutes a clear and substantial danger of physical injury or death to himself and other motorists or pedestrians.

The definition of "intoxicated" fairly warns a person of ordinary intelligence that he is in jeopardy of violating the law if he drives a motor vehicle after consuming a sufficient quantity of alcohol to alter his reactions, motor skills and judgment to the extent that his driving constitutes a substantial danger to himself or others. The warning is sufficient to pass constitutional muster. The Constitution does not require impossible standards of specificity and a statute is sufficiently clear if its language conveys sufficient warning when measured by common understanding and practice. *Jordan* v. *DeGeorge,* 341 U.S. 223 (1951); *Davis* v. *Smith,* 266 Ark. 112, 583 S.W.2d 37 (1979).

Second, a law is held to be vague when it leaves the police or the factfinder free to decide, without a fixed standard, what is prohibited. *Trice* v. *City of Pine Bluff,* 279 Ark. 125, 649 S.W.2d 179 (1983). The definition of intoxicated, set out in § 75-2502(a), is a sufficient standard for police enforcement and for ascertainment of guilt. We hold that § 75-2503(a) of the act is not unconstitutionally vague.

Under the second subsection, § 75-2503(b), intoxication is not an element of the offense. Driving with a blood alcohol content of .10% or more is the prohibited act. Stated differently, it is a violation per se to drive with a blood alcohol content of .10% or more. We have also held this subsection is not unconstitutionally vague. *Lovell* v. *State,* 283 Ark. 425, 678 S.W.2d 318 (1984).

Appellant next contends that the trial court committed error in allowing the police officer to testify that appellant was intoxicated because, he argues, that is the ultimate issue. There is no merit in the argument. Rule 704, Ark. Unif. Rules of Evid., 28-1001, et seq. provides:

Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

The unmistakable trend of authority is to not exclude opinion testimony because it amounts to an opinion on the ultimate issue. *Mathis* v. *State,* 267 Ark. 904, 907, 591 S.W.2d 679, 681 (1979). While the opinion testimony in this case embraced the ultimate issue, it did not mandate a legal conclusion and there was no error in its admission. *See Gramling* v. *Jennings,* 274 Ark. 346, 625 S.W.2d 463 (1981).

For the benefit of bench and bar we comment on a matter not raised on appeal, and therefore not affecting this case, which relates to filing charges in cases of this nature. Appellant was charged with driving while intoxicated and with having had three prior convictions. Therefore, he was charged with a felony. *See* § 75-2504(b)(3) (Supp. 1983). Yet, the charge was made in municipal court by a traffic ticket. An information was not filed. The Constitution of Arkansas requires that felonies be charged by either information or indictment, art. 2, § 8, amendment 21; *Lovell* v. *State, supra.* In addition, city attorneys cannot file felony charges and municipal courts are without jurisdiction to try felony cases.

Affirmed.