Gail W. STEELE *v.* STATE of Arkansas

CR 84-126                                    681 S.W.2d 354

Supreme Court of Arkansas
Opinion delivered December 21, 1984

*G. Keith Watkins,* for appellant.

*Steve Clark,* Att'y Gen., by: *Marci Talbot,* Asst. Att'y Gen., for appellant.

P. A. HOLLINGSWORTH, Justice. The appellant was charged with driving while intoxicated pursuant to Act 549 of 1983. The jury found him guilty of third offense driving while intoxicated and imposed a one year sentence, $1500 fine, and suspension of his driver's license. The principal points for reversal relate to the unconstitutionality of the act which (1) is unconstitutionally vague; (2) establishes a conclusive presumption of guilt; and (3) compels defendants to testify against themselves in violation of the fifth amendment to the United States Constitution. The fourth point for error is the admission of prior convictions when the record did not show the appellant was represented by counsel. Jurisdiction is in this Court under Rule 29 (1)(c).

In the course of driving upon a highway, appellant crossed the center line and was stopped by a state trooper. Upon smelling alcohol on the appellant's breath, the state trooper administered field sobriety tests and determined that appellant was intoxicated. The state trooper arrested the appellant, and a struggle ensued. Appellant sustained a broken leg and other injuries for which he was taken to the hospital for treatment. While he was there, a blood alcohol test was given, registering .22%.

The constitutionality of the act has been raised before on the first two points argued by appellant, and we have declared the act passes constitutional muster. See *Long* v. *State,* 284 Ark. 21, 680 S.W.2d 686 (1984); *Lovell* v. *State,* 283 Ark. 425, 678 S.W.2d 318 (1984). The third issue raised by the appellant is that the use of blood alcohol test results compels a defendant to testify against himself.

In *Schmerber* v. *California,* 384 U.S. 757 (1966), the United States Supreme Court held that the privilege against self-incrimination extended only to testimonial evidence, and blood alcohol test results are not testimonial. The Court reasoned that even though the test results were evidence which can be used against the defendant, his testimony was not involved.

Further, we have held that test results are admissible under our implied consent law. This law is valid and does not violate the provision against self-incrimination. Ark. Stat. Ann. § 75-1045 (Supp. 1983). *Turner* v. *State,* 258 Ark. 425, 527 S.W.2d 580 (1975).

With regard to the admission into evidence of a prior conviction document which was subsequently used to enhance punishment, the state did not make a prima facie case. The trial court found that appellant had a prior DWI conviction on November 4, 1981, based on a conviction document stamped with the words "Defendant was advised by court of right to counsel, witness, trial and new law, etc., waived all rights." The municipal clerk testified that the stamp was entered in 1983, two years after the actual conviction. She also testified it was the policy of the judge to ask a defendant if he were represented by an attorney or wished to be, and that one would be appointed if necessary. The appellant made timely and proper objections to the altered document and to the testimony concerning the practice of the municipal court. Under these circumstances, an altered court record and testimony about the practice of the municipal court do not satisfy our standards as set forth in our previous decisions on proof of prior convictions. *Klimas* v. *State,* 259 Ark. 301, 534 S.W.2d 202 (1976); *Parker* v. *State,* 258 Ark. 880, 529 S.W.2d 860 (1975); *McConahay* v. *State,* 257 Ark. 328, 516 S.W.2d 887 (1974).

Literally thousands of cases were held in limbo pending our review of the constitutionality of the Omnibus DWI Act of 1983. We have upheld this act on all the constitutional attacks to date. *Long* v. *State,* 284 Ark. 21, 680 S.W.2d 686 (1984); *Lovell* v. *State,* 283 Ark. 425, 678 S.W.2d 318 (1984); *State* v. *Brown,* 283 Ark. 304, 675 S.W.2d 822 (1984); *State* v. *Ziegenbein,* 282 Ark. 162, 666 S.W.2d 698 (1984). The bench and bar should be on notice that we will require strict adherence to the principles of *Baldasar* v. *Illinois,* 446 U.S. 222 (1980) which bars prior uncounseled misdemeanor convictions from being used to enhance punishment for a subsequent offense. Careful adherence should be given to our decisions regarding proof of prior convictions in these cases.

Affirmed in part; reversed in part.

HAYS, J., dissents in part.

STEELE HAYS, Justice, dissenting. I agree with the majority on the first three points, but not on the last point.

The majority holds that the state did not make a prima facie case on the evidence of prior convictions based on standards set out in our previous cases. I fail to see however, how that conclusion is supported by our case law or the authority on which the majority has relied.

Both *Klimas* v. *State*, 259 Ark. 301, 534 S.W.2d 202 (1976) and *McConahay* v. *State*, 257 Ark. 328, 516 S.W.2d 887 (1974) state that it is the *presumption* of waiver of counsel from a silent record that is impermissible. Silence on the matter does not make the record of conviction irrevocably inadmissible or inherently tained. *Klimas* in fact states the proper procedure to prove waiver of counsel when the record is silent:

> It seems clear to us that when evidence, in whatever form, of a prior conviction is offered which is silent as to representation of the defendant by counsel or his waiver of the right of assistance of counsel, the state must first lay a foundation for its admission by evidence tending to show that defendant was in fact, represented by counsel or that he had knowingly and intelligently waived his right to the assistance of counsel.

And in *Parker* v. *State*, 258 Ark. 328, 516 S.W.2d 887 (1974), we found that Ark. Stat. Ann. § 43-2330 (Prima Facie Evidence of Former Conviction), while it must be strictly construed, does not prevent proof of prior convictions by admissible evidence other than that mentioned in the statute. In *McConahay*, commenting on the proper procedure to cure the constitutionally defective record, silent on the matter of counsel, we said: "The burden was upon the state to offer proper documents or evidence before the jury to correct the defects."

Here, a silent record is not the issue, only the procedure followed in recording the information on the record. In addition to the stamped notation that counsel was waived, albeit after the fact, the clerk of the court stated unequivocally several times in her testimony that it was *always* the judge's practice to inquire of the defendant whether he was represented by counsel or wished to be and that counsel would be appointed if necessary.

The appellant does not in any way contend that this was not the case, but objects only to the manner in which the waiver was recorded. No argument is given nor authority cited to show how the procedure in this case undermines the purpose of or fails to meet the standards for adequate proof of former convictions.

The evidence presented by the state was sufficient and properly admitted under the standards of *Parker* and *Klimas* to make at least a prima facie case that appellant had waived counsel. There is nothing in our line of cases on this point or in the majority opinion that indicates how such a showing was not made.