STATE of Arkansas *v.*
Tracy ZIEGENBEIN

CR 83-140                    666 S.W.2d 698

Supreme Court of Arkansas
Opinion delivered April 2, 1984

*Steve Clark*, Atty. Gen., by: *Randel Miller*, Asst. Atty. Gen., for appellant.

*Hoofman & Bingham, P.A.*, by: *Clifton H. Hoofman*, for appellee.

ROBERT H. DUDLEY, Justice. The General Assembly enacted the Omnibus DWI Act of 1983 on March 21, 1983. *See* Ark. Stat. Ann. § 75-2501 et seq. (Supp. 1983). The act contains an emergency clause which provides it is immediately in effect. On April 8, 1983, the respondent was charged under a 1953 act, Ark. Stat. Ann. § 75-1027 (Repl. 1979), with driving while intoxicated. After being found guilty in municipal court the respondent appealed to circuit court. The prosecutor did not attempt to amend so that the respondent would be charged under the 1983 act. Nevertheless, the circuit court held the 1983 act was not in force on the date of the offense and, instead of trying respondent under the 1953 act, dismissed the case. The state appeals in order to seek a correct and uniform administration of the criminal law. A.R.Cr.P. Rule 36.10 (b) and (c). We reverse the circuit court and, since there was neither an acquittal nor a reversal in the circuit court, we reinstate the judgment of conviction from the municipal court and remand to the circuit court for further proceedings. *See* A.R.Cr.P. Rule 36.11. Jurisdiction is in this court under Rule 29 (1) (c).

The 1983 act contains the following language: "The provisions of this act do not apply to offenses committed prior to the effective date of this act. Such offenses shall be construed and punished in accordance with the law existing at the time of the commission of the offense." Ark. Stat. Ann. § 75-2501 (b) (Supp. 1983). *See also* Ark. Stat. Ann. § 1-103 (Repl. 1976). The circuit court found that the 1983 act was not in effect on the date of the offense but dismissed the case. However, the primary legal issue before us concerning the uniform administration of the criminal law is whether the emergency clause of the Omnibus DWI Act of 1983 is valid.

Amendment Number 7 to the Constitution of Arkansas reserves to the voters the power to reject any act of the General Assembly. In order to make this power viable the

amendment provides that an act is not effective until ninety days after adjournment unless immediate operation of the act is essential to preservation of the public peace, health and safety. In that exigent situation, after the two-thirds vote of both houses and a statement in a separate clause of the facts constituting the emergency, an act may be put into immediate effect. The General Assembly declared that the Omnibus DWI Act of 1983 should be put into immediate effect. The respondent contends that no condition or fact was stated in the emergency clause which, if ignored, would imperil the public peace, health and safety. We find no merit in the argument.

The emergency clause at issue provides:

It is hereby found and determined by the Seventy Fourth General Assembly that the act of driving a motor vehicle while under the influence of intoxicating alcoholic beverages or drugs constitutes a serious and immediate threat to the safety of all citizens of this State, and that increasing the penalty for this dangerous conduct may serve as a deterrent to such behavior. Further, it is found that increased income derived from the levying of such penalties can best be utilized to provide immediate alcohol and drug safety and rehabilitation and treatment programs both to prevent an increase in the use of intoxicating alcoholic beverages and drugs and to rehabilitate persons convicted of related offenses. Therefore, an emergency is hereby declared to exist, and this Act being necessary for the immediate preservation of the public peace, health, and safety shall be in full force and effect from and after the date of its passage and approval.

We first omit from consideration the provision about increased income from the levying of penalties because the Omnibus DWI Act of 1983 does not provide for any increased income. That provision is contained in a separate act. *See* Ark. Stat. Ann. § 75-2531 (Supp. 1983).

We do consider the recitations that driving while intoxicated constitutes a serious and immediate threat to the

public safety and that increasing the penalty may serve as a deterrent to this serious and immediate problem. All fair-minded and intelligent men would surely agree that driving while intoxicated constitutes a serious and immediate threat to the public safety. Fair-minded and intelligent men might reasonably differ as to the truth of whether increased penalties may serve as a deterrent and might reasonably differ as to the sufficiency of that statement as a basis for declaring an emergency. However, the recitations serve as a sufficient basis for a valid emergency clause because we do not disturb a finding by the General Assembly that a particular fact comprises an emergency if the fact is recited and if fair-minded and intelligent men might reasonably differ as to the sufficiency and truth of the recited fact as a basis for declaring an emergency. *Jumper* v. *McCollum*, 179 Ark. 837, 18 S.W.2d 359 (1929); *Mann* v. *Lowry*, 227 Ark. 1132, 303 S.W.2d 889 (1957). Thus, the emergency clause is valid. The Omnibus DWI Act of 1983 was effective on March 21, 1983.

The circuit court's dismissal of the municipal court conviction is reversed, the conviction is reinstated, and the case is remanded to the circuit court for further proceedings. Upon remand, if the state does not amend the charge, the circuit court must reverse and dismiss the municipal court conviction since the 1953 act was repealed before appellee was arrested. If the state does amend the charge to the 1983 act, the appellee must be afforded a de novo trial under the 1983 act.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I dissent because I do not believe there was a valid emergency. If we were to recognize there was actually no emergency it would not affect in any manner a single charge of DWI against anyone. The new DWI law expressly preserved the old law until the new comes into being. The major difference in the two is in the penalty.

In *Gentry* v. *Harrison*, 194 Ark. 916, 110 S.W.2d 497 (1937) this court considered an emergency clause tacked onto

a bill by the General Assembly which abolished the combined office of Insurance Commissioner and Fire Marshal. The emergency clause was as follows:

> It is hereby found and declared that the regulation of the business of insurance is a function of the state government and necessary for the preservation of the public peace, health and safety, and that therefore an emergency exists, and this act shall take effect immediately upon its passage and approval.

This court held that no emergency was stated and declared the clause invalid. Prior to the adoption of Amendment 7 to the Constitution of Arkansas, the legislature had developed a habit of attaching emergency clauses to almost all legislative acts. *Gentry* v. *Harrison,* supra. Amendment 7 sought to stop the use of emergency clauses when there was no emergency when it stated: "If it shall be necessary for the preservation of the public peace, health and safety that a measure shall become effective without delay, such necessity shall be stated in one section . . . It shall be necessary, however, to state the fact which constitutes such emergency . . ."

The replacement of existing legislation with new but similar legislation can hardly be declared an emergency. The new DWI law is certainly an attempt to deal with the same problem the old DWI laws dealt with. The problem has existed as long as automobiles have been driven upon our streets and highways. The facts stated in this emergency clause are nothing more than a restatement of the problem which is recognized by all who have an interest in the subject.

At the time of the trial in this case it was apparently obvious that the new act had not made any impression that it was helping to solve the old problem because no evidence was introduced to that effect. Every factual statement in this emergency clause was true long before the first DWI law was passed. An emergency has been described as "unforeseen occurrence, sudden and urgent occasion for action . . . pressing necessity, crisis, dilemma, quandary, last-minute

need, eleventh hour obligation . . ." *The Synonym Finder*, (J.I. Rodale ed. 1961).

We do not accept the facts stated in an emergency clause as being an emergency merely because it so states or because it serves a necessary function.

In the recent case of *Henderson* v. *Russell*, 267 Ark. 140, 589 S.W.2d 565 (1979) we found an emergency clause to be ineffective. We held that although the emergency clause stated facts declared to be an emergency, an emergency did not exist. I think the same rule applies here. I think fair minded and intelligent people would agree that the factual recitations in this emergency clause stated nothing more than facts which have existed for many years.