Mr. Larry E. Crane, Director Assessment Coordination Division of the Public Service Commission 1614 West Third Street Little Rock, AR 72201
Dear Mr. Crane:
This is in response to your request for an opinion regarding Act 860 of 1991. You note that the act does not contain an emergency clause, but that it contains language indicating that it will be effective on and after January 1, 1991. You have asked, in light of this, what the assessment deadline(s) will be for this assessment year.
It is my opinion that Act 860 does not become operative until ninety (90) days after the adjournment of the 78th General Assembly. See generally State v. Ziegenbein, 282 Ark. 162,666 S.W.2d 698 (1984). Because this 90-day period does not expire until the latter part of June, 1991, the May 31 deadline set forth in Act 860 cannot apply. Rather, the assessment deadlines under A.C.A. § 26-26-1408 (Supp. 1989) will, in my opinion, be applicable for this assessment year. Section 26-26-1408 (Supp. 1989) states in pertinent part:
 (a)(l) On and after January 1, 1988, taxpayers shall annually assess their tangible personal property for ad valorem taxes during the period from January 1 through April 10.
 (2) Taxable tangible personal property of new residents and new businesses acquired by residents during the period from April 10 through June 30 shall be assessed on or before June 30.
 (3) The ten percent (10%) penalty for late assessment will not apply to property becoming eligible for assessment after April 10 if the property is assessed on or before June 30.
This conclusion is compelled by the absence of an emergency clause in Act 860 of 1991. Amendment 7 to the Arkansas Constitution reserves to the voters the power to reject at the polls any measure enacted by the General Assembly. In order to make this power viable, Amendment 7 provides that an act is not effective until ninety days after adjournment unless immediate operation of the act is "necessary for the preservation of the public peace, health and safety. . . ." Ark. Const. amend. 7. In such circumstances, after a two-thirds vote of both houses and astatement in a separate clause of the facts constituting theemergency, an act may be put into immediate effect. Id.
Amendment 7 clearly states that "[i]t shall be necessary, however, to state the fact which constitutes such emergency." The Arkansas Supreme Court has thus stated: "If therefore an act is passed which does not contain an emergency clause in which the fact is stated constituting the emergency, the act does not become effective until ninety days after the adjournment of the session of the General Assembly at which it was enacted." Jumperv. McCollum, 179 Ark. 837, 18 S.W.2d 359 (1929).
The fact that Act 860 establishes deadlines that cannot have effect unless the emergency exception applies, is not, in my opinion, dispositive. The Arkansas Supreme Court was faced with a similar situation in Arkansas Tax Commission v. Moore,103 Ark. 48, 145 S.W. 199 (1912). The act in question in that case imposed certain duties upon assessors and other officers in connection with the assessment of property, the performance of which was required before the expiration of ninety days after the close of the legislative session. The act was approved June 29, 1911, and provided for a listing of property for assessment and valuation on the first Monday in June of 1911. It also stated that the assessors shall assess between the first Monday in June and the first day of September, that the board of equalization shall meet on the first day of September and that corporations shall return assessments on or before July 1, 1911. The court rejected a contention that these dates were dispositive of the issue of whether the act was immediately effective, stating:
 The concluding provision of the revenue act and the others fixing dates for the performance of certain things before the act could become operative under the constitutional amendment unless it comes within the exception do not manifest an intention upon the part of the legislature to put it into effect as a law necessary for the immediate preservation of the public peace, health or safety, and were not meant for, and are not, a legislative determination that the act should take effect as such, and it could not therefor take effect until ninety days after the final adjournment of the session of the Legislature at which it was passed or after its approval by the people if the referendum is invoked.
103 Ark. at 57.
The Court stated:
 The fact that by the terms of the statute something is to be done under it before the expiration of the constitutional period for it to take effect does not amount to a legislative direction that the act shall take effect at that time or sooner than the time fixed in the Constitution.
Id. at 55.
The Arkansas Tax Commission v. Moore, was decided under a prior constitutional amendment that died not require a statement of the fact constituting an emergency. The court may have reached a different conclusion under the law in effect at that time if the act had stated that it was necessary for the immediate preservation of the public peace, health or safety, and should go into effect from and after its passage, ". . . or if it had used any other words of similar import unmistakably showing such an intention. . . ."
103 Ark. at 54. It is now clear, however, following the adoption of Amendment 7, that the General Assembly is required to state the fact constituting a recited emergency. Cunningham v.Walker, 198 Ark. 928, 132 S.W.2d 24 (1939); Gentry v.Harrison, 194 Ark. 916, S.W.2d (1937). It is not enough, as noted in Gentry, supra, that ". . . the legislature manifested in every possible way its deliberate purpose of making the act immediately effective." 194 Ark. at 921. The exception to the power of referendum will not apply in the absence of an emergency clause setting forth the facts that constitute an emergency.
In conclusion, therefore, it is my opinion, in light of the above, that Act 860 of 1991 will become effective ninety days after the adjournment of the session. The assessment deadlines for this assessment year will be those set forth in A.C.A. §26-26-1408 (Supp. 1989).
The foregoing opinion which I hereby approve was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General