The Honorable Charlie Daniels Secretary of State State Capitol, Room 256 Little Rock, AR 72201-1094
Dear Mr. Daniels:
I am writing in response to your request for an opinion on the effective date of legislation enacted during the Eighty-Sixth General Assembly, First Extraordinary Session of 2008. You state that "the First Extraordinary Session of the 86th General Assembly adjourned sine die on April, 2, 2008" and ask "[w]hat will be the effective date of legislation that was passed during this time?"
Because you reference the General Assembly's adjournment sine die, I assume your request pertains to legislation that did not carry an emergency clause or a specified effective date. As stated in Tate v Bennett, 341 Ark. 829, 833, 20 S.W.3d 370 (2000), "Pursuant to Amendment7 of the Arkansas Constitution, acts of the General Assembly that do not contain an emergency clause or a specified effective date become effective ninety days after adjournment of the legislative session at which they were enacted." See also, Priest v. Polk, 332 Ark. 673,912 S.W.2d 902 (1995); and State v. Ziegenbein, 282 Ark. 162, 666 S.W.2d 698
(1984).
In response to your question, however, it appears that there were no acts of the 2008 First Extraordinary Session which did not contain an emergency clause and/or a specified effective date. Acts that contain an emergency clause and that are signed by the Governor, such as Acts 1, 2 and 3 of the recent special session, are effective on the date they are approved by the Governor. See, e.g., Ops. Att'y Gen. 2007-165, n 1. Acts containing a specified effective date and an emergency clause, such as Acts 4 and 5 of the recent special session, are effective upon their clearly stated effective date. See, e.g., Ops. Att'y Gen. 97-311 and 93-209.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General